## The People on the relation of Myron Coon and another v. The Plymouth Plank Road Company.

*Pleadings: Technicalities: Formal defects.* Extreme niceties and technical exactness in form in the requirements of pleadings are not favored in modern practice.

*Quo warranto: Replication: Duplicity.* The statement in a replication in *quo warranto* proceedings, of several distinct facts which are all aimed to make out the one ultimate fact of a violation of corporate duty, relied upon as a ground of forfeiture of the charter of incorporation, affords no ground for charging the replication with duplicity.

*Pleadings: Alternative statement: Immaterial averments.* The alternative statement in such pleading that the respondent "did willfully or negligently so manage their affairs that" etc., is without influence, when the facts set up are sufficient of themselves without aid from any allegation in terms that the corporation acted willfully or negligently.

*Pleadings: Argumentative averments: Uncertainty: Direct statement of facts.* Where the facts relied upon in such pleading as cause of forfeiture are averred directly and positively so that issue in fact might properly be taken upon the averments, the objection that the pleading is argumentative and uncertain will not be sustained.

*Corporations: Directors: Plank roads: Repair: Averment of neglect.* The circumstance that the replication, after averring that the respondent company did not keep their plank road in lawful repair, went further and also averred that the directors did not, is of no legal consequence unless it was in such a way the duty of the directors that the company upon information would be responsible for their failure, and if that was the case, then the averment was proper.

*Submitted on briefs January 7. Decided January 19.*

Information in the nature of a *Quo Warranto.*

* The replication in this case is given in full below.

*Isaac Marston, Attorney General,* and *Henry M. Cheever,* for the People.

*Maybury & Conely,* for respondent.

---

* "I. And the said Isaac Marston, attorney-general, having heard the said plea of the said The Plymouth Plank Road Company, for the said people of the said state of Michigan, saith: That the said people ought not to be barred from having their aforesaid information against the said Plymouth Plank Road Company, because he says that the said Plymouth Plank Road Company, after their incorporation, and after the erection of toll-gates upon their plank road, and the exaction of toll thereat, did willfully or negligently so manage their affairs that afterwards, to wit, on the first day of January, 1869, and from thence continually, hitherto to this time, the said Plymouth Plank Road became and was broken, worn out, destroyed, its plank displaced, rotten, and warped, and its road-bed full of holes, gullies, ruts and excavations throughout, over and upon its entire length of about sixteen miles, and through the townships of Greenfield, Redford, Livonia and Plymouth, from its commencement at its intersection with the Grand River Plank Road, in said township of Greenfield, and extending through said townships of Redford and Livonia, to its termination in said township of Plymouth; and the bridge of said road, over the river Rouge, in said township of Redford, has been and remained during the winter of 1873 and 1874, entirely broken down and destroyed, for a period of one month, so that the said Plank Road was, during all the time aforesaid, to wit, since January 1, 1869, and still continues, utterly unsafe and dangerous to persons, horses and vehicles to pass over and upon; that these defects are not confined to any particular portion of said road,

GRAVES, CH. J.

The information filed in this cause charged the defendants in general terms with exercising certain specified franchises without authority, and called upon defendants to show by what warrant they assumed to exercise these powers. The defendants set up by plea their authority and right as resting upon an act of incorporation granted by the legislature. To this the relators replied certain acts relied upon as a ground of forfeiture; and to such of the matters in this replication as the relators continued to insist upon the defendants demurred specially, and the general question is whether the replication can be supported as a showing of sufficient ground to require judgment of ouster, and we think it can.

The demurrer complains of the form of the replication

but extend its entire length; and there has not been during five years last past any two consecutive miles in the whole road which has not been and continued in the unsafe and dangerous condition above specified.

"And so the said attorney-general says that the board of directors of the said company have not at all times, nor at any time since the said first day of January, 1869, although toll-gates had been erected and toll exacted thereat upon the said plank road long before that time, kept the said plank road in good repair or in a safe condition to travel upon; nor has the said company so kept the same in good repair or in a safe condition to travel upon; and this he is ready to verify.

"Wherefore he prays judgment, and that the said Plymouth Plank Road Company may be ousted and altogether excluded from its corporate rights, privileges and franchises.

"II. And the said attorney-general further saith that the said people ought not to be barred from having their aforesaid information against the aforesaid Plymouth Plank Road Company, because, he says that the said Plank Road Company, after their incorporation, mentioned in their said plea, did not and has not so constructed its road ' as to have at least sixteen feet width of good smooth and permanent road, and so constructed as to permit carriages and other vehicles to meet and pass thereon,' for any two consecutive miles of said road, but on the contrary thereof the said plank road was constructed of a much less width than sixteen feet, and has so remained from the time of such construction until the present time, so that upon its entire length carriages or other vehicles cannot conveniently or easily pass each other; and the said road has so continued until this time, and this he is ready to verify.

"Wherefore he prays judgment, and that the said Plymouth Plank Road Company may be ousted and altogether excluded from its corporate rights, privileges, and franchises."

rather than the substance, and it may be admitted that the pleader was not as careful as he might and perhaps should have been. Still we are not inclined to favor the extreme notions formerly so common in the criticisms passed on pleadings, and which served frequently to defeat justice by the very instruments introduced to insure it.

It is true that several distinct facts are set out in the replication, but they are all aimed to make out the one ultimate fact, namely: a violation of corporate duty in respect to the continued bad condition of the road. This affords no ground for charging the replication with duplicity.

The objection to the alternative statement that the company "did willfully or negligently so manage their affairs that," etc., is without influence. The statement itself is not material. The facts which immediately follow are sufficient of themselves without aid from any allegation in terms that the corporation acted willfully or negligently.

The further objection that the replication is argumentative and uncertain, we are not inclined to sanction. The facts relied upon as cause of forfeiture seem to be averred directly and positively, and we see no satisfactory reason why issue in fact might not have been taken upon the averments.

The circumstance that the repliants, after averring that the *company* did not keep the road in lawful repair, went further and also averred that the *directors* did not, is of no legal consequence, unless it was in such a way the *duty* of the *directors* that the company upon information would be responsible for their failure, and if that was the case, then the averment was proper.

On the whole, we think the demurrer cannot be supported. The judgment to be entered will be determined hereafter.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.