THE PEOPLE EX REL. WILLIAM C. MAYBURY v. THE MUTUAL
GAS-LIGHT COMPANY OF DETROIT.

*Information by Quo Warranto—Use of Streets by Gas Companies.*

Leave to file an information in the nature of a *quo warranto* was
denied where the purpose was to deprive a certain gas company
of the right to lay pipe and distribute gas in Detroit, on the
ground that it had forfeited the right by violating certain condi-
tions imposed by the city in granting it.

The statute concerning informations in the nature of a *quo warranto*
(Comp. L., Ch. 225) contemplates the punishment of corporations
for the violation of State law and policy only.

The right to lay gas pipes in the street is not a State franchise,
but a local easement resting only on a contract or license, the
violation of which does not concern the State and is open to
legal remedy.

The statute for the incorporation of gas companies (Comp. L., Ch.
96) contemplates that permission to lay pipe in the streets will
not be refused or burdened unreasonably.

APPLICATION for leave to file an information in the
nature of a *quo warranto*. Denied. Submitted January
8. Decided January 15.

*F. A. Baker* and *E. F. Conely* for the application.

*Ashley Pond* against.

CAMPBELL, C. J. Leave is asked to file an information
in the nature of a *quo warranto* to deprive the respondent
of the franchise, as it is claimed to be, of laying its gas
pipes and distributing gas through the streets of Detroit.
The ground of the application is that the company has
violated some of the terms of an agreement imposing
conditions against making combinations with other com-
panies and doing certain other acts, regarded by the
city of Detroit as important conditions of its assent to
allowing the respondent to use its privileges within the
city.

The statute providing for the incorporation of gas companies allows them to lay pipes through the streets, lanes and squares of any city, town or village where they are located "with the consent of the municipal authorities of said city, town, or village, under such reasonable regulations as they may prescribe." The statutes do not allow an information in such cases as this is claimed to be, to be filed without leave, and they contemplate that leave shall only be granted for a plain violation of the laws regulating the corporation, or wrongs amounting to a surrender of its franchises, or "whenever it shall exercise any franchise or privilege not conferred upon it by law." Comp. L., § 7085.

The statute contemplates the punishment of corporations for nothing but violations of the laws and policy of the State. In the present instance the State has shown by the incorporating act that public policy is not opposed to and is in favor of allowing gas companies to exist, as they only can exist by having power to lay their pipes. The consent of the municipal corporation is required because the terms on which streets may be safely allowed to be occupied for the purposes of laying gas pipes can be best determined by leaving the regulation to be harmonized with all other exigencies by the authorities controlling their use. The law contemplates that permission will not be unreasonably refused or unreasonably burdened, but regards the municipality as competent to determine the proper conditions for itself.

The exercise of the power of using streets for laying gas pipes is rather an easement than a franchise, and a similar power is used as often for private drainage and other purposes as for more general purposes. It is a matter peculiarly local in its character, and which should always be to a reasonable extent under municipal supervision to prevent clashing among the many convenient uses to which ways must necessarily be subjected, for water, drainage and other urban needs. But the permission to lay these pipes does not differ in any respect from that

required for laying railways over land, or ditches through it. It is not a State franchise, but a mere grant of authority, which, whether coming from private owners, or public agents, rests in contract or license, and in nothing else. A violation of the contract, or an unauthorized intrusion, must be redressed as all ordinary wrongs are redressed, by the usual legal remedies. It in no way concerns the State whether the power is granted or withheld, nor whether the corporation has or has not fulfilled its agreements. The injured party has a remedy for any grievance, but the State is no more interested than it would be in the question whether or not a railroad company has lawfully acquired its right of way. This court has heretofore refused to recognize the encroachment of a corporation on a highway as subject to be reached by *quo warranto,* and we discover no better reason for interfering in the present case.

The application must be denied.

The other Justices concurred.