THE PEOPLE, EX REL. HENRY KUNZE ET AL., V. THE
FORT WAYNE & ELMWOOD RAILWAY COMPANY.

*Street railways—Additional servitude—Power of council—Exclusive
privileges—Quo warranto.*

1. The use of a street by an ordinary street railway does not create
   an additional servitude; citing *City Ry. v. Mills*, 85 Mich. 643
   (opinion of GRANT, J.); *Railway Co. v. Railway Co.*, 48 Id. 433;
   *Railroad Co. v. Heisel*, 38 Id. 62.

2. An ordinance giving the right to construct an ordinary single
   track street railway in the center of a street 50 feet wide, of
   which 25 feet are paved, in such a manner as to leave a space
   of nearly 9 feet for the passage of vehicles, which is sufficient for

ordinary vehicles to pass in, is not so unreasonable as to require the interference of the court.

3. The right to construct such a railway being one which the common council had a right to grant, which right it has exercised, the case presented is not such an one as calls for the exercise of the jurisdiction of this Court in a public proceeding instituted by *quo warranto*; citing *Maybury v. Gas-Light Co.*, 38 Mich. 154.

4. The State is in no way concerned in the question of the irregular enactment of city ordinances.

5. Whether the common council has the power to grant an exclusive use of a street for street railway purposes, *quaere*, it not appearing that any attempt has been made by others than the respondent to acquire a similar privilege, and the grant being good to the extent of the power vested in the council under the statute; and, if such power has been exceeded, the question can properly be raised when other interests require it.

Appeal from Wayne. (Hosmer, J.) Submitted on briefs April 20, 1892. Decided July 28, 1892.

Information in the nature of a *quo warranto* to exclude the respondent from laying its tracks upon a certain street. Relators appeal. Affirmed. The facts are stated in the opinion.

*A. A. Ellis*, Attorney General, and *Samuel W. Burroughs*, Prosecuting Attorney (*Henry M. Cheever*, of counsel), for appellants.

*Edwin F. Conely* and *Orla B. Taylor*, for respondent.

MONTGOMERY, J. This is an action in the nature of a *quo warranto* filed to exclude the defendant corporation from laying its tracks upon and occupying for the purposes of a street railway Champlain street, in the city of Detroit, from Randolph street to Elmwood avenue.

It is claimed that the defendant has no right to the franchise or privilege in question, because—

1. The street is too narrow to admit of defendant's

cars and other vehicles at the same time, and the contemplated use by the defendant will interfere with the rights of the general public in the street.

2. The amended ordinance of the city of Detroit under which the defendant claims is invalid, for the reason that the original ordinance was not re-enacted and published, but it was attempted to amend it by reference to its title merely; and for the further reason that the council by this ordinance attempts to grant to the defendant the exclusive use of the street for street railway purposes.

1. The case shows that the width of Champlain street is 50 feet, and the paved portion 25 feet. The ordinance gives .the defendant the right to construct a single track railway in the middle of the street. The gauge of the track is 4 feet 8½ inches, and the width of a close car 7 feet and 9 inches, leaving a space of nearly 9 feet for the passage of vehicles. This is sufficient width to admit of the passage of ordinary vehicles, and the ordinance is not, in my opinion, so unreasonable as to require the interference of the court, if it be held that an ordinary street railway is not in and of itself an additional servitude. I think such a use of the street does not create an additional servitude. Opinion of Mr. Justice GRANT, *Detroit City Ry. v. Mills*, 85 Mich. 643, and cases cited; *Grand Rapids & I. R. R. Co. v. Heisel*, 38 Id. 62; *Grand Rapids St. Ry. Co. v. West Side St. Ry. Co.*, 48 Id. 433.

2. The right being such an one as the common council had a right to grant, and the common council having assumed to grant the right, the case presented is not such an one as calls for the exercise of the jurisdiction of this Court in a public proceeding instituted by *quo warranto*.

The question presented is similar to that involved in *Maybury v. Gas-Light Co.*, 38 Mich. 154. In that case it was sought by *quo warranto* to deprive the respondent

of its franchise, on the ground that the company had violated the terms of the agreement upon which the assent of the city to the use of its privileges was granted. Chief Justice CAMPBELL, in delivering the opinion of the Court, said:

"In the present instance the State has shown by the incorporating act that public policy is not opposed to and is in favor of allowing gas companies to exist, as they only can exist by having power to lay their pipes. The consent of the municipal corporation is required because the terms on which streets may be safely allowed to be occupied for the purposes of laying gas pipes can best be determined by leaving the regulation to be harmonized with all other exigencies by the authorities controlling their use. * * * The exercise of the power of using streets for laying gas pipes is rather an easement than a franchise. * * * It is a matter peculiarly local in its character, and which should always be to a reasonable extent under municipal supervision to prevent clashing among the many convenient uses to which ways must necessarily be subjected, for water, drainage, and other urban needs. But the permission to lay these pipes does not differ in any respect from that required for laying railways over land, or ditches through it. It is not a State franchise, but a mere grant of authority, which, whether coming from private owners or public agents, rests in contract or license, and in nothing else. A violation of the contract, or an unauthorized intrusion, must be redressed, as all ordinary wrongs are redressed, by the usual legal remedies. It in no way concerns the State whether the power is granted or withheld, nor whether the corporation has or has not fulfilled its agreements. * * * This Court has heretofore refused to recognize the encroachment of a corporation on a highway as subject to be reached by *quo warranto,* and we discover no better reason for interfering in the present case."

Relators' counsel rely upon *Coon v. Plank Road Co.,* 31 Mich. 178, and *Mayor v. Park Com'rs,* 44 Id. 602. The case of *Coon v. Plank Road Co.* was a case involving a forfeiture of a franchise, and not a case for private

redress. *Mayor v. Park Com'rs* was a proceeding against public officers to inquire into the exercise of a franchise in the matter of controlling and supervising a public park, and is not analogous.

What was said upon this subject in *Detroit City Ry. v. Mills*, 85 Mich. 647, 648, was unnecessary to the determination of the case, and should be limited at least in its application to a case where the right attempted to be exercised is one which the local authorities have not power to confer, which is not the case here.

3. It is unnecessary to determine whether there was any irregularity in the enactment of the ordinance conferring the right to use Champlain street. If so, it was an irregularity, and is a matter in which the State is in no way concerned.

4. It is unnecessary to determine whether the council has the power to grant an exclusive use of the street for street railway purposes to one corporation. It does not appear that any attempt has been made by others to acquire a similar privilege. Certainly the grant is good to the extent of the power which the council has under the statute, and, if it has exceeded its power in this regard, the question can properly be raised when other interests require it.

LONG and GRANT, JJ., concurred with MONTGOMERY, J.

MCGRATH, J. *(dissenting).* I think that this case comes clearly within the exceptions mentioned in *Detroit City Ry. v. Mills*, 85 Mich. 643. Mr. Justice GRANT in that case discussed the questions involved upon the expressed " assumption that sufficient room was left to permit the free passage of teams and vehicles when the cars were upon the track." There the street had recently been brought within the city limits, it had not been

graded or paved, and the width of the road-bed had not been established, and it is said that "the distance from the rail to the pole is about 19 feet. This space is ample for the passage of teams and vehicles, if the street were properly graded." It was held that a street railway could not be lawfully constructed and operated in a street too narrrow to admit the passage of its cars and other vehicles at the same time, nor so as to interfere with the rights of the general public in the street, nor in a street, though of sufficient width, if its condition be such that the operation of the railway will result in the practical exclusion of others from the use of the street; citing *Grand Rapids St. Ry. Co. v. West Side St. Ry. Co.*, 48 Mich. 433.

Champlain street is a residence street, and has been graded and paved. It is 50 feet wide, with a road-bed 25 feet wide, leaving a space of 12½ feet each side of the road-bed for sidewalks and shade trees. A car upon the track leaves a space of 8 feet 7½ inches between the car and the curb. A lumber wagon is 5 feet 9 inches wide, a heavy truck is 7 feet 8 inches, and the space within which an ordinary load of hay can pass is 10 feet 7 inches. Shade trees line each side of the roadway in the spaces between the curbs and the sidewalks. Under such circumstances, a physician's buggy, a milk wagon, a grocer's cart, or a family carriage standing at the curb is an obstruction to the street. Imagine a fire-engine, a street car, and a family carriage, or a funeral procession, upon that street at the same time. Champlain street leads to Elmwood and Mount Elliott ceme_teries, to the Boulevard, and to Belle Isle park. Upon certain portions of it a double track is authorized to be laid by the ordinance in question. Who, with any experience in such matters, will attempt to say that the general driving public will not be practically excluded

from that street? In such case, under the rule laid down in the Mills case, the proposed use of the street is one of which the general public has the right to complain.

In the Grand Rapids Street Railway Case, Mr. Justice CAMPBELL says:

"That body [the council] certainly cannot properly so multiply tracks as to interfere with the rights of the general public in the street."

The number of tracks is not the test of the council's power; it is the fact of exclusion. Nor is the exercise of the discretion given to the council final or conclusive, for, if so, it is equally conclusive when exercised respecting a multiplicity of tracks. The common council cannot create a nuisance, nor can a use of a street which practically excludes others from it, and injuriously affects the rights of the public, be regarded as authorized by law. The grant of the privilege or consent to such use must be treated as an abuse of discretion, and is no defense.

*Maybury v. Gas-Light Co.*, 38 Mich. 154, has no application. The complaint there was that the company had violated the terms of an agreement with the city,—one of the conditions upon which the city had granted certain privileges. The Court held that public policy was in favor of allowing gas companies to exist, and that the State was not concerned in the enforcement of a purely local condition. This is, however, a proceeding not to punish but to enjoin a use of a highway which will exclude the public, and the State is concerned in the preservation and integrity of its public highways.

It follows that the exercise of the privilege attempted to be granted should be enjoined.

MORSE, C. J., concurred with McGRATH, J.