| 96 | 65 |
| 111 | 84 |
| 96 | 65| |
| f151 | 478 |

## THE ATTORNEY GENERAL v. THE DETROIT SUBURBAN RAILWAY COMPANY.

*Quo warranto—When lies—Validity of franchise.*

The fact that a street-railway company has constructed and is operating its road, *within the term of its corporate life*, upon a township highway, without objection from the township or any of its inhabitants, under and in full compliance with a *perpetual* grant of the right so to do, made by the township under How. Stat. § 3548, does not establish a case of such public interest as to justify the institution of a proceeding by *quo warranto* against the company to test the validity of such grant.

Application by the Attorney General for leave to file an information in the nature of a *quo warranto* against the respondent. Argued April 4, 1893. Denied June 16, 1893. The facts are stated in the opinion.

*A. A. Ellis,* Attorney General, *John J. Speed,* and *C. A. Kent,* for relator.

*Russel & Campbell,* for respondent.

GRANT, J. The Attorney General asks leave of this Court to file an information in the nature of a *quo warranto*

96 MICH.—5.

against the Detroit Suburban Railway Company. The petition was filed March 7, 1893. The reason assigned for the petition is that said railway company is exercising a franchise and privilege not conferréd by law, in that the permit given by the township board is void upon its face, because it purports to grant an exclusive and perpetual right. The authority conferred by the township board of the township of Greenfield is attached to the petition, and reads as follows:

"FRANCHISE FOR WOODWARD-AVENUE STREET RAILWAY, OR HIGHLAND PARK ROAD.

"At a session of the township board of Greenfield, county of Wayne, and State of Michigan, held on the 17th day of October, A. D. 1885, at which a quorum of the board was present, the following preamble and resolution was submitted, and, after a careful consideration, was unanimously adopted:

"'Whereas, Frank E. Snow and William A. Jackson, of Detroit, Michigan, contemplate the construction of a railway on Woodward avenue, commencing · at the railroad crossing, and running thence north-westerly along, upon, or adjacent to the Detroit & Birmingham Plank Road to the six-mile stake on said road; and

"'Whereas, the construction of said railway is deemed to be a valuable improvement to the property along said road, and to the township of Greenfield: ·

"' Therefore, resolved, that for and in consideration of the sum of one (1) dollar to the township board in hand paid by the said Frank E. Snow and William A. Jackson, the receipt whereof is hereby acknowledged, we, the township board, hereby grant, convey, and quitclaim unto the said Frank E. Snow and William A. Jackson, their successors and assigns, the exclusive and perpetual right and privilege of constructing, maintaining, and operating a railway for the transportation of passengers along and upon said road as aforesaid, and hereby authorize the execution of an instrument conveying the said right and privilege to the said Snow and Jackson for the perpetual use of said roadway for the purpose of said railway, together with the right to construct and operate all necessary switches and

appurtenances thereto belonging: *Provided*, that said railway shall be constructed at least 10 feet east of the west line of said highway, and also that said railway shall at all times maintain an open ditch or suitable drainage along said road, with all necessary sluiceways and other conveniences for the proper drainage of said road, and the property abutting thereon; and *provided*, that the rate of fare on said railway shall not exceed five (5) cents for each passenger per trip.'"

The authority conferred by statute upon the township board is found in How. Stat. § 3548, and is as follows:

"Any such company may extend, construct, use, and maintain their road in and along the streets or highways of any township adjacent to said city or village, upon such terms and conditions as may be agreed upon by the company and the township board of the township, which agreement, and the acceptance by the company of the terms thereof, shall be recorded by the township clerk in the records of his township."

How. Stat. § 8646, authorizing the Attorney General to file informations of this character, reads as follows:

"An information in the nature of a *quo warranto* may also be filed by the Attorney General, upon his own relation, or upon the relation of any private party, on leave granted, against any corporate body, whenever such corporation shall—

"1. Offend against any of the provisions of the act or acts creating, altering, or renewing such corporation; or

"2. Violate the provisions of any law, by which such corporation shall have forfeited its charter by misuser; or

"3. Whenever it shall have forfeited its privileges and franchises by nonuser; or

"4. Whenever it shall have done or omitted any acts which amount to a surrender of its corporate rights, privileges, and franchises; or

"5. Whenever it shall exercise any franchise or privilege not conferred upon it by law.

" And it shall be the duty of the Attorney General, whenever he shall have good reason to believe that the same can be established by proof, to file such information in every case of public interest, and also in every other case in which satisfactory security shall be given to

indemnify the people of this State against all costs and expenses to be incurred thereby."

Snow and Jackson and others organized a corporation known as the Highland Park Railway Company, May 11, 1886, and Snow and Jackson then transferred all their rights to said company. This company constructed the road, and operated it till February 1, 1893, when it transferred all its franchises, rights, and property to the respondent.

No claim is made that either the Highland Park Railway Company or the respondent was not duly organized, or that the road was not constructed in full compliance with the terms of the resolution of the township board, or that the respondent or its assignor has violated any of the conditions thereby imposed. No person living in the locality has made complaint. The municipality makes no objection. The sole contention of counsel for the relator is that the case falls within subdivision 5 of section 8646, above quoted, for the reason that the franchise, conferred upon a legal corporation, in terms extended beyond the life of that corporation. If the 30 years had expired, a different question might be presented. The sole question is whether the petitioner establishes a case of such public interest as to justify the interference of the State.

The statute confers the power upon the township board to grant the right, which may be exercised for a period of 30 years. The respondent is exercising that right within the period of its life, and after the construction of its plant and road at great expense, and the use thereof for nearly seven years. In *Maybury v. Gas-Light Co.*, 38 Mich. 154, it was sought to deprive the corporation of its franchise for violations of the conditions under which the franchise was granted. The Court said:

" But the permission to lay these pipes does not differ in any respect from that required for laying railways over

land, or ditches through it. It is not a State franchise, but a mere grant of authority, which, whether coming from private owners or public agents, rests in contract or license, and in nothing else. A violation of the contract, or an unauthorized intrusion, must be redressed, as all ordinary wrongs are redressed, by the usual legal remedies. It in no way concerns the State whether the power is granted or withheld, nor whether the corporation has or has not fulfilled its agreements. The injured party has a remedy for any grievance, but the State is no more interested than it would be in the question whether or not a railroad company has lawfully acquired its right of way."

This case was cited with approval in *People v. Railway Co.*, 92 Mich. 522, in which it was said:

"'The right being such an one as the common council had a right to grant, and the common council having assumed to grant the right, the case presented is not such an one as calls for the exercise of the jurisdiction of this Court in a public proceeding instituted by *quo warranto.*"

It is true that in the present case the question relates to the validity of the franchise or privilege as granted, while in the former cases the forfeiture of the franchises was involved. But we do not think that the petition presents a case of such public interest as to justify the granting of the application. It is a matter of local interest, in which the municipality and its people are interested. So long as they are content, we do not think the State is interested.

Application denied.

The other Justices concurred.