CITY OF DULUTH v. DULUTH TELEPHONE COMPANY.[1]

November 29, 1901.

Nos. 12,842—(69).

**Removal of Telephone Lines—Injunction.**

> The Duluth Telephone Company was organized under G. S. 1878, c. 34, tit. 1, before G. S. 1866, c. 34, § 28, was amended by Laws 1881, c. 73. By a special act approved March 7, 1881, the exclusive right was conferred upon the company to erect its poles and wires upon the streets of the city for the period of ten years, which right was extended for the further period of ten years by a special act approved April 13, 1889. Commencing in 1882 under the authority of both the general and special acts, the company constructed its telephone system within the city, and has since maintained and continued to extend the same therein. The time granted under the special acts having expired, on November 29, 1898, under the provisions of Laws 1893, c. 74, the common council offered to sell a franchise to construct a telephone system within the city upon certain conditions; and, defendant having refused to submit a bid, the franchise was granted to another company, which thereupon constructed a telephone system, which it has since maintained and operated. On February 13, 1900, the city council passed a resolution requiring defendant on or before April 1, 1900, to remove its poles and wires from the streets, avenues, and alleys of the city. Upon defendant's refusal to comply with the order, the city commenced an action to enjoin

1 Reported in 87 N. W. 1127.

defendant from further extending its system, and to compel the removal of the poles and wires already erected. *Held*:

1. That G. S. 1866, § 28, as amended by Laws 1881, c. 73 (G. S. 1894, § 2641), authorized defendant to enter upon the streets and alleys of the city and erect its poles and wires therein, subject only to the police power of the city to control and regulate the same.

2. The company having established its plant in reliance upon the provisions of the general law (G. S. 1894, § 2641), such action on its part constituted an acceptance of the right or privilege thus granted, and its occupancy of the streets thus acquired, including the right to extend its system within the city as occasion might require, became fixed, in the nature of vested rights, which cannot be revoked by the city, except within the exercise of its police power. N. W. T. E. Co. v. City of Minneapolis, 81 Minn. 140.

Action in the district court for St. Louis county to restrain defendant company from maintaining and extending its telephone poles and wires in the streets of plaintiff city of Duluth. The case was tried before Cant, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Oscar Mitchell*, for appellant.

*Billson, Congdon & Dickinson*, for respondent.

LEWIS, J.

The plaintiff municipality was organized under a special act of the legislature approved March 2, 1887. The defendant company was organized under G. S. 1878, c. 34, tit. 1, and its corporate existence began February 15, 1881. By a special act approved March 7, 1881, the exclusive right was conferred upon the company, as it then existed, to erect and maintain telephone poles and wires upon and over its streets, avenues, and alleys for a period of ten years; and by the special act of the legislature approved April 13, 1889, this privilege was extended until March 8, 1899. Commencing in 1882, and continuing down to the present year, the defendant has, in the customary manner, established its plant, erected its poles, and strung wires thereon, to the extent of some fifty miles, in the streets, avenues, and alleys of the city of Duluth. The charter of 1887, through the common council, conferred upon the city the power

"To prevent the encumbering of streets, sidewalks, alleys, lanes, public grounds or wharves with * * * posts * * * or any other materials or substances whatsoever," and "to remove and abate any nuisance, obstruction or incroachment upon the streets, alleys, public grounds and highways of the city."

By Laws 1893, c. 74, G. S. 1866, c. 34, tit. 1, was amended in part as follows:

"But no corporation formed under this title shall have any right to construct, maintain or operate upon or within any street, alleys or other highway of any city or village, * * * any improvement of whatsoever nature or kind, without first obtaining a franchise therefor from such city or village according to the terms of its charter and without first making just compensation therefor, as herein provided."

There was also a further amendment to the effect that such corporation should be subject to any conditions imposed from time to time by the village or city, which might, at the end of every five years from and after the granting of a franchise for the construction of any improvement whatsoever, have a right, under certain conditions, to purchase the same.

After the expiration of the twenty-years grant under the special acts of 1881 and 1889, the defendant continued to occupy the streets and to extend its system. After the amendment of 1893 went into effect the defendant continued erecting its poles and stringing wires thereon in the streets, avenues, and alleys to the extent of several thousand feet. On November 29, 1898, the common council of Duluth passed an ordinance providing for the sale by the city of a franchise for the establishment and operation of a telephone exchange system, which contained elaborate provisions with reference to bids and their acceptance. The defendant did not submit a bid in accordance with the ordinance, and thereafter, on March 11, 1899, the city granted a franchise to another company, which was accepted by it, and a telephone plant constructed in conformity to the requirements of the ordinance. Subsequently, on February 13, 1900, the council adopted a resolution requiring defendant on or before April 1, 1900, to remove its poles and wires from the streets, avenues, alleys, and public grounds of the city of Duluth, and to cease using the same for

the purpose of carrying on its telephone business.  A copy of this resolution was served upon the defendant, which refused to comply therewith, whereupon this action was commenced by the city to enjoin the defendant from further extending its system, and to compel the removal of that part already erected.

The defendant justified its action in an answer which set forth the laws under which it claimed to be authorized, and alleged that its possession of the streets, avenues, alleys, and public grounds of the city was in the ordinary and usual manner, and without interference with the safety or convenience of ordinary public travel.  The court found as facts that the defendant constructed its plant and occupied the streets and alleys of the city in reliance upon the special acts above mentioned, and also upon the general law embodied in G. S. 1866, c. 34, § 28, as amended by Laws 1881, c. 73 (G. S. 1894, § 2641); that the resolution requiring defendant to remove its plant from the city was adopted by the common council under the mistake of law that it was erected without right or legal authority; and that such resolution was passed without any intention of expressing the council's judgment as to its power to regulate under its police power.  Judgment was entered for the defendant, and the city appealed.

The findings of fact by the trial court are not attacked by appellant, and the propositions which it submits for consideration in this court are embodied under the following heads:

1. That the amendment of 1881 (G. S. 1894, § 2641) did not become a part of the charter of the defendant company.

2. That, if such amendment did become a part of defendant's charter, (a) it granted simply a privilege or license, revocable at any time by the state, or, when duly authorized, by the city; (b) that if such amendment became a part of defendant's charter, in the nature of a contract right, then the rights of defendant became vested only to the extent of the expansion of its system at the time of the adoption of the city charter, in 1887, and the amendment of chapter 34, title 1, in 1893.

All of these propositions were involved and necessarily decided in the case of N. W. T. E. Co. v. City of Minneapolis, 81 Minn. 140, 83 N. W. 527, 86 N. W. 69, and there only remains for us an appli-

cation of the principles announced in that case to the facts in this controversy. On reargument in that case it was decided that the words "public roads and highways," as used in G. S. 1894, § 2641, applied to streets and alleys of cities and villages, and that, under the provisions of that section, appellant had authority to enter upon the streets and alleys of Minneapolis, for the purpose of erecting its poles and stringing its wires, without first obtaining the consent of the governing body, and subject only to the police power of the city. It was there also decided that the amendment of 1881 (section 2641) was in the nature of an amendment of the company's charter to the same extent as though enacted prior to its organization, and it was impliedly held that the rights and privileges of the company under the general law which authorized its organization were to all intents and purposes of the same force as though organized under a special act, and the particular provisions referred to had been embodied in such special charter. It was also held that the company having entered upon the streets of the city by virtue of its organizing act as amended, and erected its poles and wires in accordance with the direction of the city council, such council was thereafter powerless arbitrarily and without cause to remove the poles and wires from the streets, unless acting within its province to regulate and control under its police power.

In the present case counsel makes a distinction between a so-called charter contract and a license or privilege, contending that, by the statute as amended in 1881, defendant, at most, obtained merely a privilege or license, which it was within the state's power to recall at any time. It will not be necessary to enter into a discussion of the technical meaning of a charter contract, or contractual right as expressed in a charter, and a license or privilege. The decisive question is what contract was made, if any,— what was the intention of the state in enacting the law, and of the defendant company in accepting and relying upon it? Section 2641, as it now appears in the general statutes of 1894, was an amendment to G. S. 1878, c. 34, § 42. It was under this chapter that the defendant company was organized, and that chapter, as amended, contained the law which regulated the defendant in its

relation to the state and city of Duluth. Whether the amended act expressed a contract right, or but the granting of a privilege, inoperative until accepted, we need not now stop to inquire.

The city contends that the future operations of defendant were not conducted in reliance upon the general law as amended. On the contrary, it claims that the plant was erected under the express authority of the special act of March 7, 1881, which conferred upon the company the exclusive right to erect its system in the streets of the city. For the purposes of this case, we must assume that defendant erected its plant in dependence upon the general as well as the special law. Upon this point appellant is foreclosed by the finding of the trial court, which is not assailed. The court found that defendant relied upon both the general and special law in building and extending its system within the city. It is contended, however, that, conceding the company was operating under the general law, such authority was repealed by the provisions of the city charter of 1887.

Without admitting the state's ability to delegate authority to the city to prevent defendant from continuing the use of its streets for the purposes of its telephone system, it is clear that no such power was attempted by the 1887 charter. The powers there granted are restricted to the prevention of the incumbering of streets, sidewalks, etc., and to the removal and abatement of nuisances upon streets and highways. Such grant of power must be construed consistently with the rights already acquired by defendant under section 2641, and extends only to the reasonable exercise, control, and regulation of its police power. N. W. T. E. Co. v. City of Minneapolis, supra.

Again, appellant contends that the authority embraced within section 2641 was repealed by Laws 1893, c. 74. This amendment of 1893 provided that no corporation organized under G. S. 1866, c. 34, tit. 1, § 1, should have any right to construct, maintain, or operate upon or within any street, alley, or other highway of any city or village any improvement, of whatsoever nature or kind, without first making just compensation, and obtaining a franchise therefor from such city or village. In our opinion, this amendment repealed the provisions of section 2641, so far as it applied

to the state at large, or to new enterprises undertaken by defendant in other cities or villages. It does not follow that, because section 2641 was repealed by the amendment of 1893, it operated as a repeal of defendant's authority to maintain and extend its system within the city of Duluth. We are asked to decide that the 1893 amendment wiped out defendant's authority not only to extend its system in other streets as the growth of the city might warrant, but also to maintain the plant and system as already built and operated.

In the Minneapolis case we held that, where the company had made substantial improvements upon the strength of authority granted to it by the state, the rights acquired in so doing became vested, and cannot be interfered with by subsequent legislation. The same principle applies to the extension of the telephone system in the city of Duluth. If the state might at any time step in and prevent the extension of the system, the profit of such an enterprise would indeed be dubious, and offer slight attraction to capital. If the company were prevented from making extensions, its privileges not being exclusive in the streets already occupied, it might in a few years be superseded by competitors who had the entire city at their command. The natural and reasonable construction to be placed upon the relation of the parties hereto is that, the company having in good faith expended large sums of money in the construction of its plant, it constituted an acceptance of the charter rights or privileges, which included the implied right to maintain and extend its system and make it remunerative. The resolution of the city council requiring the removal of the poles and wires of defendant's system from the streets, alleys, and public grounds of the city of Duluth having been passed, not in the exercise of its police power, but upon the theory that the company had no legal right to maintain the same, it follows that it was void and powerless to affect defendant's interests.

Judgment affirmed.