## CITY OF DULUTH v. ABBOTT et al.

(Circuit Court of Appeals, Eighth Circuit. June 2, 1902.)

### No. 1,664.

**1. DECREE—CONSTRUCTION—LIMITATION OF INJUNCTION.**

A decree awarding an injunction must be construed with reference to the matters complained of in the bill, and one which enjoins a city from cutting down, injuring, or interfering with any of the poles, wires, or other parts of the plant of a telephone company is not objectionable as interfering with the exercise by the city of its police powers by cutting down poles or wires in case of fire or other public necessity, where the prayer of the bill is based entirely on allegations that the city threatens to unlawfully cut down and remove, from its streets, the poles and wires of complainant, for the purpose of obstructing it in the lawful operation of its system.

Appeal from the Circuit Court of the United States for the District of Minnesota.

For opinion below, see 104 Fed. 833

Oscar Mitchell, for appellant.

William W. Billson (C. A. Congdon, on the brief), for appellees.

Before SANBORN and THAYER, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. The appellees filed their bill in the court below, as trustees for the mortgagee bondholders of the Duluth Telephone Company, to enjoin the threatened removal by the appellant of the poles and wires of the company from the streets of appellant. Since the hearing of the case in the court below, all of the questions involved have been passed upon by the supreme court of Minnesota in the case of Northwestern Exch. Tel. Co. v. City of Minneapolis, 81 Minn. 140, 83 N. W. 527, 86 N. W. 69, 53 L. R. A. 175, and City of Duluth v. Duluth Tel. Co., 87 N. W. 1127. As the questions involved are those relating to the construction of certain statutes of the state of Minnesota, it is conceded that the interpretation given to said statutes by the supreme court is controlling. This necessarily results in the affirmance of the decree appealed from. It is claimed, however, by counsel for appellant, that the decree entered herein is too broad in its terms, and we are asked to modify the same. The decree appealed from is in the following terms: "It is ordered, adjudged, and decreed that a perpetual injunction be issued in this suit against the defendant, according to the prayer of the bill." The prayer of the bill was for an injunction perpetually enjoining and restraining the said defendant, its officers and agents and employés, from cutting or taking down, injuring or interfering with, any of the poles, wires, fixtures, or any part of the plant of the said Duluth Telephone Company, or obstructing or interfering with the maintenance, operation, repair, renewals, or extension thereof. It is claimed that the injunction granted will prevent appellant from exercising its police powers; that the appellant is enjoined from cutting down poles or wires in case of fires or other public necessity. We do not think the decree subject to this criticism. The decree must be interpreted with reference to the matters complained of in the bill, which were that the appellant threatened unlawfully to cut down and remove, from the highways of said city, the telephone poles and wires of the appellees and to obstruct appellees in the lawful use and operation of their system. The threats complained of involved a destruction of the whole plant. We do not think there was any complaint against the appellant's exercising its police powers with reference to appellees' telephone system, or that the decree entered would have the effect to in any way prevent the appellant from acting within its police powers with reference to the telephone company.

The decree will be affirmed.