THE STATE OF IOWA, Appellant, v. THE NEBRASKA TELE-
PHONE COMPANY.

**Telephones:** EXTENSION OF LINES: STATUTES. Where a telephone
1  company had constructed its lines along the streets of a city
    under the authority of the Code of 1873, its right to occupy
    the streets and extend its lines to meet the demands of the
    public is unaffected by the revision of 1897, unless the original
    acceptance of the grant limited its right in that regard.

**Quo warranto:** CONSTITUTIONAL LAW. The question of the uncon-
2  stitutionality of section 1324 of the Code of 1873, because failing
    to provide compensation to abutting land owners for the con-
    struction of telephone lines along public highways, will not
    be considered in a *quo warranto* proceeding by the State, only,
    to oust the company from the streets of a city.

**Quo warranto:** ORDINANCES. An ordinance granting a franchise,
3  which a city had power to pass, will not be declared void in a
    *quo warranto* proceeding because of an irregularity in its
    passage.

**Ordinances:** TITLE. The title of an ordinance reciting that its
4  object was to " grant certain rights and privileges to a certain
    telephone company," was sufficient to carry a grant of a
    right to use the streets and alleys of the city for its lines.

**Passage of ordinances.** Where five of the six councilmen and the mayor were present, and the record shows that on an "aye" and "nay" call there were five votes for the passage of an ordinance and none against, omission of the record to state the name of each member with his vote was not fatal to the adoption of the ordinance.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, APRIL 5, 1905.

A'CTION of *quo warranto* to oust the defendant from the streets and alleys of the city of Council Bluffs, and from the public highways of the county of Pottawattamie generally. The original petition alleged that the defendant had no franchise from the city, and was occupying its streets without right or authority of law. In an amendment to the petition it was alleged that "since October 1, 1897, the defendant had, without right or authority, built its lines in streets where prior to that date it had none, and that these lines obstructed the streets and were nuisances, and that the defendant has, without right or authority, constructed telephone lines" in the public highways generally in Pottawattamie county. The defendant pleaded the right to occupy the streets of the city and the rural roads under the general statute as it stood prior to the Code of 1897 and that the city of Council Bluffs had on the 8th day of October, 1888, by ordinance, granted to the defendant the right to occupy its streets for the purpose of carrying on a general telephone business in said city. A reply was filed, alleging that the grant by the city was void because of irregularities in the passage of the ordinance. There was a trial, and a judgment for the defendant. The State appeals.—*Affirmed.*

*W. H. Killpack* and *Emmet Tinley,* for the State.

*S. B. Wadsworth* and *W. W. Morsman,* for appellee.

SHERWIN, C. J.— Section 1324 of the Code of 1873, as amended by chapter 104, page 100, of the Laws of the Nineteenth General Assembly, gave to any person or company the

1. TELEPHONES: extension of lines; statutes.

right to construct a telegraph or telephone line along the public highways of the State; and, under the authority so given, the defendant had the right to occupy the streets and alleys of the city as well as the rural highways or roads. *Chamberlain v. Iowa Telephone Co.*, 119 Iowa, 619; *State v. City of Red Lodge,* (Mont.) 76 Pac. Rec. 758. In the Code of 1897 the words " public roads " are used in the place of the words " public highways," used in the former statutes; and, as we understand. the appellant's argument, it is claimed that the change limits the defendant's right in the streets of the city to those actually occupied by it prior thereto. Whether the change was intended to distinguish between streets and rural ways, we need not determine, for, whatever the intent as to that, it is apparent that the change was not intended to, and does not, limit or affect the rights of those who accepted and acted upon the grant given by the former statutes. The grant to use the streets was without limitation as to territory, and under its authority there can be no question as to the right to extend the service to meet the demands of the public. The very nature of the business demands the use of many streets, and may demand the use of every street in the city, and this was doubtless contemplated by the Legislature when the unlimited grant was made. *Chamberlain v. Telephone Co., supra; Duluth v. Duluth Telephone Co.,* 84 Minn. 486. True it is that the acceptance of the grant may limit its operation, but, in the absence of an acceptance which does so, it must be presumed, from the nature of the business and the preparation made therefor, that the acceptance of the grant and the privileges thereunder was as broad as the grant itself, and included the right to extend the service as required by public necessity. *Duluth v. Duluth T. Co., supra; Michigan*

*Telephone Co. v. City of Benton Harbor,* 121 Mich. 512 (80 N. W. Rep. 386, 47 L. R. A. 104).

It is suggested that the statute imposes an additional burden on rural ways, without providing compensation to the abutting landowners, and is for that reason unconstitutional. But whatever rights the abutting owners may have are private and personal rights, in which the State has no concern, and no landowner is here complaining. It is fundamental that the court will not consider constitutional questions unless it be necessary, and it is clear that the necessity therefor does not exist when no constitutional rights are involved. Cooley's Constitutional Limitations (6th Ed.) 196, 197.

**2. QUO WARRANTO: constitutional law.**

It is contended also that the ordinance of 1888 is void because it contained more than one subject, because its purpose was not clearly expressed in its title, and because it was not passed as required by the statute. It is not contended that the city did not have power to pass the ordinance, nor do we think such contention could be sustained if made; and, if it be conceded that it had such power, the ordinance will not be declared void in a *quo warranto* proceeding. *State ex rel. v. City of Lyons,* 31 Iowa, 432; *People v. Mutual Gas Co.,* 38 Mich. 154; *People v. Ft. Wayne & E. Ry. Co.,* 92 Mich. 522 (52 N. W. Rep. 1010, 16 L. R. A. 752).

**3. QUO WARRANTO: ordinances.**

But aside from this, we think the objections to the ordinance are without merit, and that there was no fatal informality in its passage. As stated in its title, its object was to grant certain rights and privileges to the defendant company, and this clearly and certainly suggested that the grant was of the use of the streets. The penal section merely protected the grant, and was germane to the principal object of the ordinance. *Dempsey v. Burlington,* 66 Iowa, 687; *Boggs v. School Tp.* (Iowa) 102 N. W. 706.

**4. ORDINANCES: title.**

The mayor and five of the six councilmen were present

when the ordinance was passed. The record of the meeting gives their names, and recites that the ordinance was passed on call of the " ayes and nays," and that there were five votes for its passage, and none against it. As the record shows clearly who was present at the meeting, and that all of the members present voted for the ordinance, we think there is no merit in the claim that it was fatal to omit to record the name of each member, with his vote. *Marion Water Co. v. City of Marion,* 121 Iowa, 306.

5. Passage of ordinances.

There was a sufficient and timely acceptance of the grant.

Other questions are discussed by the appellee, but, as they are not presented by the appellant's argument, we refrain from expressing our views thereon.

The judgment is right, and it is *affirmed.*