## C. L. BUTLER, Appellant, v. THE CITY OF MO-BERLY, Respondent.

### Kansas City Court of Appeals, May 25, 1908.

1. **MUNICIPAL CORPORATIONS: Citizen's Complaint: Officer's Duty.** Where a citizen makes a complaint under oath in due form against one, it is the duty of the municipality through its proper officer to enter upon the investigation of such charge by issuing warrants and causing the arrest of the accused.

2. **———: Prosecutions: Threats of Officers: Action.** A municipality is not liable for threats of its officers to institute prosecutions whether they are well founded or not, since it is not liable for injuries or tortious action of officers which are in their nature unlawful or prohibited.

3. **———: Refusal of License: Action.** A municipality is not liable for the mistake of its ministerial officers in refusing an action in which the party applying therefor need not acquiesce in the refusal and has an immediate remedy for the wrong done; and such refusal does not fall within the rule of *respondeat superior*, nor yet does it come within the rule relating to a municipality's action for private gain.

Appeal from Randolph Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*Bruce Barnett, Jack Quayle* and *Paul R. Stinson* for appellant.

(1) The acts of the defendant as complained of in the petition constituted a wrongful and unlawful interference with the plaintiff's right to pursue his lawful business. The acts alleged in the first count constituted malfeasance, being a systematic and persistent misuse of the defendant's authority as a municipal corporation, calculated to destroy and destroying plaintiff's lawful business, and depriving him of his right to engage therein. (2) The omission, failure and refusal of the defendant city to issue a peddler's license

to plaintiff, as complained of in the second count constituted a misfeasance, in that it deprived plaintiff of his right to engage in his business by exposing him to prosecution in the city police court, upon each and every day upon which he should engage therein. (3) The ordinance of the defendant city imposing a license tax of $25 per year upon peddlers is for purposes of pecuniary gain for the municipal corporation, and that only as clearly appears from the statute authorizing the levying thereof. R. S. 1899, sec. 5857; Springfield v. Jacobs, 101 Mo. App. 341; St. Paul v. Traeger, 25 Minn. 248. (4) After the license was issued to plaintiff the acts of the defendant city in interfering with plaintiff in the pursuance of his business, to which he became entitled by reason of the license for which he had paid his money, were tortious and actionable. State ex rel. v. Ashbrook, 154 Mo. 375. (5) Plaintiff's business as alleged in the petition was that of a peddler, fresh meats coming within the term "goods, wares and merchandise." R. S. 1899, sec. 8861; Kansas City v. Lorber, 64 Mo. App. 604; St. Joseph v. Dye, 72 Mo. App. 214. (6) The acts of the city's agents in question having been done in connection with the authority to levy a license tax upon certain occupations, which authority was for the private pecuniary profit of the municipal corporation and not in the service of the State or greater public the city is liable for such tortious conduct of its officers and agents, the same as in cases of private corporations. Barree v. Cape Girardeau, 197 Mo. 382; Bullmaster v. St. Joseph, 70 Mo. App. 60; Donahoe v. Kansas City, 136 Mo. 657; Ulrich v. St. Louis, 112 Mo. 136, 148; Hunt v. Boonville, 65 Mo. 620; Murtagh v. St. Louis, 44 Mo. 479, 480; Armstrong v. Brunswick, 79 Mo. 319; Gould v. Atlanta, 60 Ga. 164; Bailey v. New York, 3 Hill 539. (7) The defendant is liable for the further reason that the duty of issuing the license upon payment or tender of the required fees, is

wholly ministerial.     State ex rel. v. Ashbrook, 154 Mo. 375.

*J. Elmer Ball* and *Major J. Lilly* for respondent.

(1) The imposition of a tax is the exercise of a sovereign power, and is the discharge of a public duty and the performance of a public function for the public good; and for the acts of its officers and agents in connection therewith a municipal corporation is not liable for damages. Murtaugh v. St. Louis, 44 Mo. 479; Keating v. Kansas City, 84 Mo. 415; Ulrich v. St. Louis, 112 Mo. 138; Ely v. St. Louis, 181 Mo. 723. It is appellant's contention that the acts of the officers and agents of the city of Moberly complained of were committed in connection with the levying of a license tax; that being the case appellant's petition does not state a cause of action and the demurrer thereto was properly sustained. (2) The arrest and prosecution of appellant under the circumstances set out in his petition was but the enforcement of a police regulation for which the respondent city is not liable. Heller v. Sedalia, 53 Mo. 159; Worley v. Columbia, 88 Mo. 106; Tritz v. Kansas City, 84 Mo. 640. (3) Appellant voluntarily gave up his alleged business as a peddler of fresh meats, and should not be heard to complain because of a threatened interference therewith. The alleged threatened interference might have been averted by a trifling expense, and such being the case appellant cannot maintain an action for damages. Douglass v. Stephens, 18 Mo. 362; Trust Co. v. Stewart, 115 Mo. 236. (4) The damages alleged to have been sustained by appellant because of the acts complained of are for loss of anticipated profits from his alleged business as a peddler of fresh meats; and are necessarily uncertain, contingent, speculative and incapable of proof, and for that reason afford appellant no right of action. Simmer v. St. Paul, 23 Minn. 408; Armistead v. Railroad, 108 La. 171; McNeil & Bros. Co. v. Steel Co., 207 Pa. St. 493.

ELLISON, J.—The petition in this action is based on alleged wrongs done to plaintiff by defendant city in preventing him from prosecuting the business of a peddler of fresh meat within the limits of the city. There was a demurrer to the petition on the ground of its not stating a cause of action, which was sustained by the trial court. Plaintiff stood upon the petition and brought the case here.

The petition is in two counts. The first alleges that there was an ordinance of the city providing that every peddler should pay a license tax of $25 per year. That while such ordinance was in force he procured and had the city issue to him a license as a peddler for one year from October 1, 1903, for the purpose of peddling fresh meats within the corporate limits of the city, and that he thereby became entitled to and did engage in the business of peddling fresh meat. He then alleges that while so engaged under such license "there was filed before the police judge of said city, an affidavit to the effect that plaintiff had on the —— —— day of November, 1903, engaged in the business of a peddler without having a license therefor, which affidavit was wholly false, . . . that thereupon the defendant city, its duly constituted officers . . . did arrest plaintiff and brought him before the police court of the city and caused him to be prosecuted and tried in said court for an alleged violation of certain valid ordinances without having obtained a peddler's license."

It was further alleged that upon a trial in said police court he was acquitted and the city appealed to the circuit court, where the case was continued for ten months, when defendant abandoned the appeal. That immediately after the appeal "the defendant city, its duly constituted officers and agents did thereupon notify this plaintiff that unless he ceased to engage in his business until the appeal should be finally determined, the city and its officers would arrest him and would

file a separate information against him before the police judge for each and every day he should engage in the business." It is then further alleged that "defendant did, by the acts aforesaid, prevent plaintiff from engaging in his business" and he was compelled to give it up for the ten months said appeal was pending. That prior to that time he had a profitable business and if he had been permitted to engage in it for said ten months he could and would have earned net profits of $2,000. That he earned during that time in other lines of employment only $300, wherefore he had been damaged in the sum of $1,700.

The second count alleges that plaintiff was engaged in a profitable business of peddling fresh meats under a license issued to him for one year which was about to expire. That he then duly applied for its reissue for another year and tendered $25 as the tax therefor. But the city's officers "wrongfully" refused to reissue the license as was their duty to do, whereby he was prevented from continuing in his business, to his damage in the sum of $1,600.

A discussion of the first count will in some degree include the second. The first charges that some one, it does not appear who, filed the complaint against him charging him with peddling without a license. There is nothing alleged to connect the city or its officers with that act. But it is then stated that the city, through its officers, caused him to be prosecuted. In doing so they only did their duty; for when a citizen makes complaint, under oath, in due form, that there has been a violation of the law, it is the duty of the State or municipality, through proper officers, to enter upon an investigation of such charge by issuing a warrant and causing the party's arrest.

But it is alleged that upon his acquittal and the city's appeal from the police judge, the city's officers deterred him from continuing in the business by threat-

ening to cause similar complaints to be filed against him and to cause him to be prosecuted thereunder for each day he should engage in the business during the appeal. Is a municipality liable in damages for the threat of its officers to prosecute for a violation of one of its ordinances? It is liable in costs for such prosecutions if they are unfounded. And if such unfounded prosecutions were to be maliciously repeated without reason, the officers might themselves become liable for some malfeasance. But we do not now see how the city is to be made liable for such threat, or upon what principle such position, if taken, could be sustained. If the threat to file complaint for a violation of an ordinance is made when there has been no violation, then it ought not to frighten or deter one from continuing on his way. If the threat is made against a guilty party, or one who would become guilty if he did the act, then the threat would not be wrong in any respect. So if plaintiff was not subject to prosecution for peddling fresh meats and the officers were engaged, in spite, in annoying him with prosecutions, or threats of prosecutions, it was a wrong for which the city could not be held liable. To threaten one with repeated prosecutions is not a part of the duty which an officer should render to a municipality. In Worley v. Columbia, 88 Mo. 106, it is held that a municipality is not liable for injuries and tortious acts of its officers which are in their nature unlawful or are prohibited.

The second count also fails to state a cause of action. It is based on the officer's wrongful refusal to issue him a peddler's license. It would be a dangerous and hazardous system of municipal government, if it were understood to be a part of it, that liability ensued for the mistake of its ministerial officers in refusing to do an act which is of such nature that the party need not acquiesce in the refusal, but who had an immediate

and effective remedy at hand. Here, if the city wrong-fully refused to issue him a license, he could have compelled the issuance by mandamus. [State ex rel. v. Ashbrook, 154 Mo. 375.] So it is not to be supposed that one shall acquiesce in the wrongful refusal of an officer to perform his duty for the purpose of lying by and building up damages. But aside from this, it was such an act as falls without the rule of *respondeat superior*, as applied in municipal law.

We have given due consideration to the argument, oral and written, concerning the distinction in liability where the act of the municipality complained of is for its private gain, and where it is for its general public concern and government, but we think that branch of the law not applicable to the facts stated in the petition.

The judgment should be affirmed, and it is so ordered. All concur.