ROGER S. LERCH v. CITY OF DULUTH.[1]

January 16, 1903.

Nos. 13,233—(185).

Revocation of Permit—Injunction.

Where money has been expended by a party to avail himself of a permit to move a building within the fire limits of a city, which permit is attempted to be unlawfully revoked by the city council, and proceedings are threatened to interfere with the vested rights of the party to whom it was granted, the only adequate and appropriate relief against the city is by injunction to restrain the enforcement of the void revocation.

Action in the district court for St. Louis county to recover from defendant $10,095, for damages resulting from the revocation by defendant's common council of a permit previously granted plaintiff to remove a frame building to a designated location within the fire limits of defendant city. From an order, Cant, J., overruling a demurrer to the complaint, defendant appealed. Reversed.

Oscar Mitchell, for appellant.

There is no liability if the action of the city was a valid exercise of the police power. Metropolitan v. Barrie, 34 N. Y. 657; State v. Cooke, 24 Minn. 247; State v. Harris, 50 Minn. 128; Schwuchow v. City, 68 Ill. 444; Columbus v. Cutcomp, 61 Iowa, 672; Kresser v. Lyman, 74 Fed. 765; Powell v. State, 69 Ala. 10; Cooley, Const. Lim. (6th Ed.) 341, note 1; Ison v. Mayor, 98 Ga. 623; Stone v. Mississippi, 101 U. S. 814.

If the action of the city was not a valid exercise of the police power, there is no liability, for the reason that its action was wholly ultra vires; and for the further reason that its action was taken by it in its public capacity, in the exercise of governmental functions, in an attempt to exercise the police power of the state delegated to it for the public welfare in the prevention of fires. City of Kansas City v. Lemen, 57 Fed. 905; Stevens v. City, 111 Mich. 72; Boehm v. Mayor, 61 Md. 259; City v. Turner, 80 Ill. 419.

[1] Reported in 92 N. W. 1116.

Assuming that the plaintiff's right to remove the building be-came vested, the resolution or ordinance of the city attempting to take it away did not destroy his property; such resolution was simply void. Norton v. Shelby, 118 U. S. 442. An unconstitutional act is not a. law. It confers no rights, it imposes no duties, it affords no protection, it creates no office; it is in legal contempla-tion as inoperative as though it had never been passed. Parks v. Board of Commrs. of Wyandotte Co., 61 Fed. 436; Poindexter v. Greenhow, 114 U. S. 270; Boye v. City of Albert Lea, 74 Minn. 230; Kreger v. Bismarck Tp., 59 Minn. 3; City v. Turner, supra; City v. Williams, 182 Ill. 139; Field v. City, 39 Iowa, 575; Blake v. City, 49 Ill. App. 543; Craig v. City, 180 Ill. 154; Cavanagh v. City, 139 Mass. 426; Spring v. Inhabitants, 137 Mass. 554; Lemon v. City, 134 Mass. 476; Worley v. Inhabitants, 88 Mo. 106; Sacks v. City of Minneapolis, 75 Minn. 30. The conduct of the city being thus ultra vires, there can be no liability. Horn v. Mayor, 30 Md. 218; Royce v. Salt Lake, 15 Utah, 401; Calwell v. City, 51 Iowa, 687; Peters v. City, 40 Kan. 654; Seele v. Inhabitants, 79 Me. 343.

Any power which the city has with reference to the removal of buildings in the fire limits, is public or governmental, derived from the police power of the state delegated to it, and it is not in any manner liable for any damages occasioned by any exercise or attempted exercise thereof. Culver v. City, 130 Ill. 238; Larkin v. Glens Falls Ins. Co., 80 Minn. 527; McDonald v. City of Red Wing, 13 Minn. 25 (38); Ex parte Fiske, 72 Cal. 125; 1 Dillon, Mun. Corp. § 141; Baumgartner v. Hasty, 100 Ind. 575; 2 Tiedeman, State & Fed. Cont. Pers. & Prop. § 150; Tiedeman, Mun. Corp. § 130; Klinger v. Bickel, 117 Pa. St. 326, 337. A municipality may, in the exercise of the police power under authority of the "general welfare" clauses of its charter, enact ordinances es-tablishing fire limits and prohibiting the erection of wooden build-ings therein. Wadleigh v. Gilman, 12 Me. 403; Mayor v. Hoffman, 29 La. An. 651; Ford v. Thralkill, 84 Ga. 169; Clark v. City, 85 Ind. 276; Commissioners v. Covey, 74 Md. 262; First National v. Sarlls, 129 Ind. 201; City v. Maynes, 123 Mass. 372. That the power to pass ordinances or make rules or regulations with reference to the prevention of fires is derived from the police

power of the state, is too well settled to require argument. King v. Davenport, 98 Ill. 305; Canepa v. Mayor, 92 Ala. 358; Brady v. Northwestern, 11 Mich. 425; Evansville v. Miller, 38 L. R. A. 161, 170, note. There is no liability of the city for damages arising from the exercise or attempted exercise of its public or governmental power. Lane v. Minnesota, 62 Minn. 175; Mecham, Pub. Off.. § 850; O'Rourke v. City of Sioux Falls, 4 S. D. 47; Culver v. City, supra; City v. Long, 17 Grat. 375; Maxmilian v. Mayor, 62 N. Y. 160; Snider v. City of St. Paul, 51 Minn. 466; Altnow v. Town of Sibley, 30 Minn. 186; Bank v. Brainerd School Dist., 49 Minn. 106; Dosdall v. County of Olmsted, 30 Minn. 96; Bryant v. City of St. Paul, 33 Minn. 289; Ihk v. Duluth City, 58 Minn. 182; Gullikson v. McDonald, 62 Minn. 278; Weltsch v. Town of Stark, 65 Minn. 5.

No liability for acts or omissions of the city with reference to preventing fires. Grube v. City of St. Paul, 34 Minn. 402; Miller v. City of Minneapolis, 75 Minn. 131; Springfield v. Village, 148 N. Y. 46; Van Horn v. City, 63 Iowa, 447; Terhune v. City, 88 N. Y. 247; Smith v. City, 76 N. Y. 506; Frederick v. City, 58 Oh. St. 538; Hayes v. City, 33 Wis. 314; Mendel v. City, 28 W. Va. 233. No liability for unlawful arrest and imprisonment under a void ordinance. Trescott v. City of Waterloo, 26 Fed. 592; Trammell v. Town, 34 Ark. 105; Worley v. Inhabitants, 88 Mo. 106; Calwell v. City, supra; Peters v. City, 40 Kan. 654. No liability for manner of exercising public power with reference to health. Hughes v. County, 147 N. Y. 49; Sherbourne v. Yuba, 21 Cal. 113; Ogg v. City, 35 Iowa, 495; Brown v. Inhabitants, 65 Me. 402; Mitchell v. City, 52 Me. 118; Kuehn v. City, 92 Wis. 260; Nicholson v. City (Mich.) 88 N. W. 695; Condict v. Jersey City, 46 N. J. L. 157.

The court cannot assume in this action that in some other action it might have failed properly to exercise its power to protect the plaintiff's rights. If plaintiff's rights were as alleged in the complaint before this court, it was easy for him to protect them, if he had gone about it in the right way. The remedy by injunction was adequate, complete and exclusive. Stevens v. City, 111 Mich. 72, 79; Northern Pac. R. Co. v. City of Spokane, 52 Fed. 428; City v. Louisville, 84 Ala. 127; Beach, Inj. § 583, citing Mayor

v. Radecke, 49 Md. 217, 218; Smith v. Bangs, 15 Ill. 399; Cape May v. City, 35 N. J. Eq. 419; Platte v. Lee, 2 Colo. App. 184.

*John Jenswold, Jr.*, for respondent.

Under the first resolution Mr. Lerch was given the right to remove the barn to lot 45 and its acceptance by him, as evidenced by his expenditure of money, and incurring of obligations thereunder, created a species of contract between the parties hereto, known as "a quasi-contract," under which he obtained a vested right. This action is predicated upon defendant's tortious acts, not upon a breach of contract. 15 Am. & Eng. Enc. (2d Ed.) 1032, 1033; 7 Am. & Eng. Enc. (2d Ed.) 95; City v. Detroit, 43 Mich. 140; Hudson v. Mayor, 39 N. J. L. 303; Citizens St. R. Co. v. City Ry. Co., 56 Fed. 746; Africa v. Board of Mayor, 70 Fed. 729. This right so given is a contract irrevocable and inviolable, and this is so though the grant is one of exclusive privilege or franchise for a term of years, such as the exclusive right to erect waterworks for the city, etc. Africa v. Board of Mayor, supra; Northwestern Tel. Exch. Co. v. City of Minneapolis, 81 Minn. 140; Suburban v. Inhabitants (N. J. Eq.) 41 Atl. 865; Hudson v. Mayor, supra; People v. O'Brien, 111 N. Y. 1; People v. Maxon, 139 Ill. 306; City v. Chadeayne, 134 N. Y. 163. Permission and prohibitions in the matter of the removal or erection of buildings within the fire limits ordered by the common council are not based upon its police power. City v. Dooly, 74 Ga. 703; Allison v. City, 51 Mo. App. 133; Weed v. Borough, 45 Conn. 170; Clayton v. Henderson, 103 Ky. 228; City of St. Paul v. Chicago, M. & St. P. Ry. Co., 63 Minn. 330; New Orleans W. W. Co. v. Rivers, 115 U. S. 674. Defendant's action, both in rescinding the resolution giving a right of removal and in preventing removal, was within its general scope of authority, not ultra vires, but in the exercise of its corporate as distinguished from its governmental functions. Ihk v. Duluth City, 58 Minn. 182, 186; 20 Am. & Eng. Enc. (2d Ed.) 1131, 1139; Tiedeman, Mun. Corp. §§ 110, 324.

In the exercise of those powers and privileges conferred upon a municipal corporation for private, local or merely corporate purposes or benefits, the rules which govern the liability in tort of individuals or private corporations are properly applicable. 20

Am. & Eng. Enc. (2d Ed.) 1196, 1197; Kobs v. City of Minneapolis, 22 Minn. 159; Nichols v. City of Duluth, 40 Minn. 389; Rich v. City of Minneapolis, 37 Minn. 423; Township v. Aasen, 8 N. D. 77; Peters v. Town of Fergus Falls, 35 Minn. 549, 550; Sacks v. City of Minneapolis, 75 Minn. 30; Boye v. City of Albert Lea, 74 Minn. 230; 2 Dillon, Mun. Corp. § 968; Clayton v. Henderson, supra; Weed v. Borough, supra; Collensworth v. New Whatcom, 16 Wash. 224; Houfe v. Town, 34 Wis. 608; City v. Newell, 26 Ill. 320; Carpenter v. Nashua, 58 N. H. 37; Norton v. City, 166 Mass. 48; Mayor v. Sheffield, 4 Wall. 189; Brink v. Burough, 174 Pa. St. 395.

Where, acting within the scope of its authority and in its private or corporate capacity, a municipal corporation causes an injury in the nature of a trespass, it is liable in damages to the aggrieved party. Tiedeman, Mun. Corp. § 92; 20 Am. & Eng. Enc. (2d Ed.) 1202; Tiedeman, Mun. Corp. § 338; Parke v. City, 5 Wash. 1; Bennett v. City, 14 La. An. 120; Oftelie v. Town of Hammond, 78 Minn. 275; McClure v. City of Red Wing, 28 Minn. 186, 194; Tate v. City of St. Paul, 56 Minn. 527; O'Brien v. City of St. Paul, 18 Minn. 163 (176); O'Brien v. City of St. Paul, 25 Minn. 331, 333, 334; Pye v. City of Mankato, 36 Minn. 373, 375; Buffalo v. City, 58 N. Y. 639; Gould v. City, 60 Ga. 164; Allison v. City, 51 Mo. App. 133; Dooley v. City, 82 Mo. 444; Ashley v. City, 35 Mich. 296, 300.

LOVELY, J.

This is an appeal from an order overruling a demurrer to a complaint upon the ground that it does not state a cause of action. The material part of plaintiff's pleading here involved discloses in brief the following facts: That he was the owner of a frame barn within the fire limits of the city of Duluth. By virtue of the ordinances of the city it was unlawful to remove such structure to another place within such limits without a permit from the city council. Such permit was duly obtained authorizing the removal to be made under the direction of the building inspector. The plaintiff relied upon this permission, and leased a lot, made contracts to effect the change, and incurred obligations therefor. Afterwards the city council "wrongfully, illegally, and without

any right or authority whatever" passed a resolution instructing the building inspector not to issue a permit for a period of one week; and still later, with full knowledge of what plaintiff had done in reliance upon the permit already issued, "unreasonably and arbitrarily" passed a second resolution in terms revoking and rescinding such permit, which is claimed to be an impairment of plaintiff's vested rights, and a destruction and confiscation of his property interests. It is also further alleged that defendant enforced such resolution, and prevented the removal of the barn, resulting in plaintiff's pecuniary injury, for which he asks judgment in a substantial sum.

The cause of action thus pleaded is founded upon the theory that the resolution revoking the permit was void, and we must, therefore, assume for the purpose of this review that the acts of the council in revoking the permit to move the structure after plaintiff had accepted the benefits conferred therein and incurred expenses in reliance thereon were unauthorized and invalid. Northwestern Tel. Exch. Co. v. City of Minneapolis, 81 Minn. 140, 83 N. W. 527, 86 N. W. 69; City of Duluth v. Duluth Tel. Co., 84 Minn. 486, 87 N. W. 1127. But it does not follow that, upon the adoption of this resolution, or an attempt to enforce the same by the agents of the city, the principle of respondeat superior would apply to render the city liable for the acts of its council in a suit sounding in damages. City of Kansas City v. Lemen, 6 C. C. A. 627, 57 Fed. 905. The proper and appropriate remedy was a proceeding to restrain the action of the city council from interfering with the plaintiff's legal rights, which is the usual course adopted under such circumstances. Stevens v. City, 111 Mich. 72, 69 N. W. 227.

If all that is alleged in the complaint regarding the character of defendant's acts is true, the resolution was inoperative, and of no legal force, because it was arbitrary, rested upon no necessity, was outside the legitimate exercise of the police power or governmental functions of the common council. It was, therefore, void, and could justify neither the members of the council nor the officers of the city in attempting to enforce it; and, if they did attempt to enforce it in the name of the municipality of the city,

they might be restrained by injunction. Horn v. Mayor, 30 Md. 218; City v. Turner, 80 Ill. 419; City v. Louisville, 84 Ala. 127, 4 South. 626.

The arbitrary resolution revoking the permit being void, any servant of the city attempting to aid in its enforcement would do so at his peril, and for any acts of his in that respect a suit for damages would undoubtedly lie against him, but against the city itself such an action would not lie, any more than for an unauthorized arrest by a police officer or other ultra vires act of one of its servants. Boehm v. Mayor, 61 Md. 259; Field v. City, 39 Iowa, 575; Calwell v. City, 51 Iowa, 687, 2 N. W. 614; Peters v. City, 40 Kan. 654, 20 Pac. 490. This principle is based upon the dictates of sound public policy, for within the scope of its proper municipal functions the governing body of the municipality has committed to it the performance of certain duties which require the exercise of judgment and discretion, and the city should not be held liable directly as a guarantor that no injury would follow from its acts in such cases. The demurrer of the city should have been sustained.

Order reversed, and case remanded.