[No. 9339.   Department One.   August 1, 1911.]

THE STATE OF WASHINGTON, *on the Relation of J. M. Grimmer, Respondent,* v. THE CITY OF SPOKANE *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS—BUILDING PERMITS — APPLICATION—REQUESTS—JURISDICTION—WAIVER OF OBJECTIONS. That an application for a building permit failed to state the kind of animals to be sheltered in the stable, as required by ordinance, and was not accompanied by plans, is not a jurisdictional defect, and is waived, where it appeared that the stable was for horses and no objection was made at the hearing.

SAME—NOTICE OF APPLICATION—WAIVER. A board of public works cannot revoke its permit to erect a stable because of failure to publish notice of the application for two weeks, where the board fixed the notice and had ample opportunity to investigate, and no one else claims insufficient notice.

EVIDENCE — ORAL EVIDENCE — TO VARY RECORD — PROCEEDINGS OF BOARD. Where the record of a board of public works consisted of a written notice stating that it had decided to revoke a permit to build a stable and fixed a date in the future for a hearing thereon, it cannot be contradicted by parol evidence that the board revoked the permit at the time of giving the notice.

MUNICIPAL CORPORATIONS—BUILDING PERMITS—REVOCATION—POWER OF BOARD—PROHIBITION. After a board of public works has heard and granted an application for a building permit, in the manner authorized by ordinance, it cannot, in the absence of fraud, revoke the permit as a mere license, no such power being conferred by the ordinance; and prohibition lies to prevent such revocation.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered November 29, 1909, upon findings in favor of the plaintiff, after a trial on the merits without a jury, in an action granting a writ of prohibition.   Affirmed.

*F. B. Morrill, Horace Kimball, Burcham & Blair,* and *A. M. Craven,* for appellants, contended, among other things, that the authority having jurisdiction to grant the permit has equal power to revoke it.   21 Am. & Eng. Ency. Law

[1] Reported in 116 Pac. 878.

(2d ed.), p. 126; *Calder v. Kurby,* 5 Gray 597; *Pearson v. Seattle,* 14 Wash. 438, 44 Pac. 884. Such licenses and permits have none of the elements of contractual obligations, and they may be revoked by the same body which has the discretion with reference to their original issuance. *Hirn v. State,* 1 Ohio St. 15; *Lydick v. Korner,* 15 Neb. 500, 20 N. W. 26; *People v. Raims,* 20 Colo. 489, 39 Pac. 341; *Martel v. East St. Louis,* 94 Ill. 67; *Schwuchow v. Chicago,* 68 Ill. 444. In the absence of statute requiring a written record of the proceedings of the board, secondary evidence of their action was competent. 1 Dillon, Municipal Corporations, §§ 300, 301; *Bank of the United States v. Dandbridge,* 12 Wheat, 64; *United States v. Fillebrown,* 7 Pet. 28; *Burrows v. Kinsley,* 27 Wash. 694, 68 Pac. 332; *Nickeus v. Lewis County,* 23 Wash. 125, 62 Pac. 763; *Robertson v. King County,* 20 Wash. 259, 55 Pac. 52; *State ex rel. Porter v. Headlee,* 19 Wash. 477, 53 Pac. 948; *Long v. Pierce County,* 22 Wash. 330, 61 Pac. 142; *Richardson v. Mehler,* 111 Ky. 408, 63 S. W. 957; *Nehrling v. Herold Co.* 112 Wis. 558, 88 N. W. 614. The doctrine of estoppel cannot be applied against the board as to the insufficient notice. *Platter v. Board of Com'rs,* 103 Ind. 360, 2 N. E. 544; *Union School Tp. v. First Nat. Bank,* 102 Ind. 464, 2 N. E. 194; *Rissing v. Fort Wayne,* 137 Ind. 427, 37 N. E. 328; *Harper v. Jonesboro,* 94 Ga. 801, 22 S. E. 139; *Cleveland v. State Bank,* 16 Ohio St. 236, 88 Am. Dec. 445; *Detroit v. Detroit City R. Co.,* 60 Fed. 161.

*John M. Gleeson* and *Joseph F. Morton,* for respondent.

PARKER, J.—The relator commenced this action in the superior court for Spokane county, to prohibit the defendants from revoking a permit theretofore granted to him by the board of public works of the city of Spokane to build a stable within the city limits. A trial resulted in a judgment in favor of the relator, and a writ of prohibition was issued

against the defendants accordingly, from which they have appealed to this court.

An ordinance of the city relating to the granting of permits to build stables in the city provides, among other things, as follows:

"Whenever any person shall apply for a permit to build, or to alter or convert any building into a stable, the application shall, in addition to other matters required to be stated in the application, state the number and kind of animals to be sheltered therein, and the plans and specifications shall show the number and location of water pipes for fire protection, and it shall be the duty upon the filing of such application, for the secretary of the board of public works to notify the health officer and the chief of the fire department, in writing, that such permit has to be applied for, stating the name of the applicant, the lot and block number, and the name of the addition or plat or other description of the land upon which the proposed building is to be erected or altered; and thereupon it shall be the duty of the secretary of the board of public works to set a date for hearing before the board of public works, upon said application, which shall not be less than two weeks nor more than four weeks from the date of the filing of such application; and to cause to be posted upon the premises described in such application, a notice of such hearing, giving the time and place thereof and the purpose for which such hearing shall be had."

Under this ordinance the relator made written application for a permit as follows:

"Board of Public Works,    Spokane, Wash., July 31, '09.
    "Gentlemen:

"I hereby make application for a permit to erect a stable on lots 2, 3, and 4, block 59, Central Addition. The stable to be occupied by 50 animals. The plans and specifications show the manner in which the water and sewer connections are made, and ——— taps for fire protection.

"To cost $3,000. Faces Calispell St., west from City Yards.    J. M. Grimmer."

By order of the board the hearing upon this application was fixed for August 16, 1909, at 2 p. m. The health officer

and chief of the fire department being duly notified that the permit had been applied for, both reported in favor of the granting of the permit. The board caused notice of the hearing of August 16th to be posted on the premises where it was proposed to erect the stable. This posting was done August 5th. The hearing was had before the board on August 16, at 2 p. m., in pursuance of the notice and the order of the board fixing that time for hearing. At that hearing a number of persons appeared and protested against the granting of the permit. On September 1st the board granted the permit and notified the relator accordingly. Thereupon the relator procured lumber and made arrangements for the construction of his stable, and he proceeded so far as to have lumber hauled upon the premises, when on September 27th he received from the board the following notice:

"City of Spokane
"Board of Public Works.
"Spokane, Wash., Sept. 27th, 1909.
"Mr. J. M. Grimmer,
    "Spokane, Washington.
"Dear Sir:—At the meeting of the board of public works held this date, it was decided to revoke the permit issued you September 1st, for the erection of a barn on lots 2, 3 and 4, block 59 Central addition. The board has set Monday, October 4th, 1909, at 2 o'clock p. m. for a hearing upon same. Please be present at that time.
            "Respectfully,
                    "Board of Public Works.
                    "J. T. O'Brien, Secretary."

No grounds were then assigned for this action of the board. It has at no time been contended that the relator was in the least guilty of any fraud in procuring the permit which would call for forfeiture of his rights thereunder. It is apparent from the record and argument of counsel for appellants that this action was taken by the board solely because it concluded that the permit should not have been granted in the first place.

It is contended on behalf of appellants that the application for the permit failed to confer jurisdiction upon the board to act, in that no statement was made therein as to the kind of animals to be sheltered in the stable as the ordinance provides. We are quite unable to see how appellants can now complain of this defect in the application. The board heard the application and granted the permit after a full hearing upon the merits, and it is plain from the record that in doing so the board fully understood that the application was for a permit to build a stable to shelter horses. The failure to state this fact in the application may have been a defect which would have warranted the board in declining to act upon it or require it to have been made more specific in that regard, but it was not a jurisdictional defect which could not be waived by the board. It is also contended that the application was defective in not having filed therewith plans and specifications for the building. This could be answered in the same way; but possibly a still better answer is to note the fact that the ordinance does not require plans and specifications to be filed with or made part of the application. This application refers to the plans and specifications, and we must presume that the board were shown such plans and specifications as satisfied them.

It is contended that there was want of jurisdiction in the board to grant the permit because there was not given two weeks posted notice of the hearing, the notice being posted August 5th, and the hearing being set for August 16th. Counsel assumed that the ordinance requires that the posting be made two weeks prior to the hearing. The ordinance does not seem to so require in direct terms, and it may be well doubted that such is its meaning. Passing this question, however, the appellants are in no better position to object to the sufficiency of the notice than to make the contentions first above disposed of by us. The board had the benefit of the reports of the health and fire departments before the granting of the permit, had every opportunity for investigation de-

sired, and set the hearing for August 16th by its own order. No one else is here claiming insufficient notice of the hearing. We think there was no want of jurisdiction such as the rights of the parties to this action can complain of.

When the board of public works took its action of September 27th looking to the revocation of the permit, it then caused no record to be made of that action other than that contained in the notice which it caused to be given to the relator of its purpose to revoke the permit and fixing October 4th for hearing thereon. This notice, which constitutes the sole record then made of its action, we think clearly indicates, though by language somewhat involved, that it intended to give relator a hearing upon the question of the revocation of the permit on October 4. This suit was commenced and an alternative writ of prohibition issued before the date of that proposed hearing. Upon the trial of the cause, appellants attempted to show, by oral evidence, and also by a purported record of the board of public works made up from memory by the members thereof at about the time of the trial, some six weeks after their action evidenced by their notice of September 27th, that they had in fact revoked the permit on September 27, and that the relator had consented thereto. This evidence was excluded upon the objection of the relator. This ruling, the appellants contend, was erroneous. We do not agree with this contention. The offered evidence was in effect an attempt to dispute by oral evidence the record of the board's action on September 27, as evidenced by the notice of that date given to the relator. We think the evidence was not admissible. This does not present the question of proving the action of the board in the absence of a record. It presents the question of proving by oral evidence an action different from that which the board then caused to be evidence in writing. This written evidence, it is true, was not in the nature of formal minutes of the board, but was nevertheless written evidence of what they then did, and we

think cannot be disputed any more than as if it had been in the usual form of minutes.

Some contention is made that this permit in any event amounts to nothing more than a mere license, and that the board having the power to grant it could also revoke it. We find no provision in the ordinance whatever giving the board the power of revocation of a permit of this nature. We are not concerned with the question of what power of that kind might have been given it by the ordinance. It seems to us that when the board heard the relator's application for this building permit upon its merits and thereafter granted it, its power in the premises was exhausted. Any other rule would make a building undertaking of this nature rather a perilous undertaking on the part of the one procuring the permit. We think that, after a fair hearing and the granting of a permit thereon, in the absence of fraud upon the part of the applicant, he has a right to presume that the matter is finally determined, in so far as his rights under the ordinance and the permit granted thereunder are concerned.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, GOSE, and MOUNT, JJ., concur.