B. C. CLINARD ET AL. V. CITY OF WINSTON-SALEM.

(Filed 11 April, 1917.)

**1. Municipal Corporations—Cities and Towns—Building Permits—Issues—Mandamus.**

Where a city, under an ordinance, with legislative authority in such matters, has issued a permit to build an additional room to a residence, and thereafter has recalled the permit pending the settlement of a dispute as to whether it would be situate upon an alley claimed to have been widened, the word "unlawful" used in the issue as to the refusal of the city authorities to grant the permit is a matter of law and surplusage; and upon the finding by the jury that the alley had not been widened and that the room would not be thereon, a mandamus is the proper remedy, though the form of the issue was incorrect.

**2. Municipal Corporations—Cities and Towns—Building Permits—Threats—Trials—Matters of Law.**

Where under a valid ordinance a city has recalled a permit to build an additional room to a residence, and its officer has informed the owner that he would be liable under the ordinance if he built it until a certain matter in dispute as to the width of the alley had been settled, the circumstances afford no evidence that the owner had been prevented from using his own property by threats of indictment arbitrarily made, and an issue to this effect, in an action by the owner, should be answered "No" as a matter of law.

**3. Municipal Corporations—Cities and Towns—Building Permits—Judicial Powers—Damages.**

The exercise of the power by a municipality, under valid ordinance, to grant or refuse a building permit or license, is a governmental function, for which the city cannot be held liable in damages; though liability may attach to the officials, individually, if acting corruptly or oppressively in refusing it.

ALLEN, J., concurs; WALKER, J., concurs in the concurring opinion.

APPEAL by defendant from *Long, J.,* at November Term, 1916, of FORSYTH.

*L. M. Swink, David H. Blair, Gilmer Korner, Jr., for plaintiffs.*
*Manly, Hendren & Womble for defendant.*

CLARK, C. J. This is an action for damages and a mandamus because of the refusal of the defendant to issue a building permit.

The defendant had issued a permit to put up an additional room to a building, but, it subsequently coming to the knowledge of the authorities that it was claimed that the location was part of an alley, withdrew the permit. Whether the additional room sought to be built would be

within the bounds of the alley depended on whether the alley had been widened by dedication and user. The alley had originally been laid off in 1890, 15 feet wide, but it was claimed that subsequently the heirs to the property, in the partition thereof, had set the houses back and made the alley 18 feet wider, and that it had been recognized and used by the public as of that width, adversely and of right, for more than twenty years. There was evidence to that effect, and the city revoked the license until this matter could be determined.

In this action the jury found that the width of the alley had not been increased, and while the issue, "Did the defendant unlawfully refuse to issue the permit for building the house?" was found in the affirmative, the word "unlawfully" must be treated as surplusage, for that was a conclusion of law and not justified by the evidence any further than meaning that the plaintiff was entitled to have such license issued, which should have been the form of the issue.

The second issue, "Were plaintiffs prevented from using and building on their property by threats of indictment arbitrarily made by defendant?" the court should have instructed the jury to answer "No." The evidence was that O. B. Eaton, the witness for the defendant, told the plaintiff's foreman that the permit to build the additional room had been withdrawn and that it would be a violation of the ordinance to proceed with the building until the matter was settled and would make him liable for indictment, which was correct.

The charter of the defendant provides: "The board of aldermen shall have the power to enact ordinances in such form as they may deem advisable, as follows: . . . To grant permits for the construction of buildings and other structures, and to prohibit the construction of any building or structure which in the judgment of the board of aldermen may be a nuisance or of injury to adjacent property or to the general public; . . . to regulate and control the character of buildings which shall be constructed or permitted to be and remain in any part of the city of Winston; . . . to define and establish fire limits and prevent the location of wooden or other buildings within said fire limits and in any part of the city where they may increase the danger of fire; to regulate and describe what character of buildings shall be constructed within the said limits, and provide for the conditions under which such buildings may be erected."

In pursuance of this authority, the defendant enacted the following ordinance:

"*Erecting building without permit.* It shall be unlawful for any person, firm, or corporation to erect any building within the corporate limits of the city of Winston without first submitting the plan of the

same to the mayor and chairman of the street committee and receiving a written or printed permit signed by the mayor and said chairman to erect the same. Any person, firm, or corporation violating the foregoing ordinance shall be fined $25; and in case any person, firm, or corporation in violation of said ordinance persists in the erection of any building after notice is served on him, signed by the mayor of the city of Winston, notifying him to suspend the building. thereof, each day or part of a day that such person, firm, or corporation so persists in building shall constitute a separate offense."

The exercise of the power to grant or refuse the license to erect a building was a governmental function, and if, as a jury finds in this case, the reason given for the refusal of the license was erroneous, the plaintiffs' remedy was by a mandamus, which has been awarded them; but in no aspect would the city be liable in an action for damages, and a nonsuit should have been granted on the third issue, for no cause of action had been stated in that respect.

If the officials charged with the exercise of the duty should have corruptly or oppressively refused the license asked, an action might have been laid against them individually; but there is no such allegation in the pleadings. They are not parties individually, and there is no proof tending to sustain such charge against them if it had been made. The city, even in that event, would not be liable in damages for such conduct on the part of its officials. *McIlhenney v. Wilmington,* 127 N. C., 146 N. C. (see Anno. Ed.). These principles are elementary law, and need not be reiterated, *Price v. Road Trustees,* 172 N. C., 84.

A municipal corporation has a double character. In one aspect it is a representative of the sovereign charged with certain governmental, legislative, judicial, and discretionary powers and duties; in the other it is similar to a private corporation, with duties purely ministerial, corporate, or private, with powers granted of a business nature for the especial emolument or benefit of the municipality. The rule is well settled that in the former capacity the corporation is liable to an action for damages resulting from the conduct of its agents only where a statute imposes such liability. When such officers are discharging a governmental duty, or exercising the police power, or acting in a matter committed to their discretion the municipality is not liable. 2 McQuillan Municipal Corporations, secs. 889, 894, pp. 5414, 5416, 5417. For instance, no liability attaches for the wrongful refusal to issue a permit. *Bretter v. Moberley,* 131 Mo. App., 172.

To allow damages for an erroneous or even arbitrary determination in the field of municipal activities is contrary to well settled law. In *Burford v. Grand Rapids,* 53 Mich., 98, *Judge Cooley* said that the de-

cision of the town authorities had been "made in the exercise of its powers in its discretionary and governmental field over a subject confided by the State to its judgment, and is presumptively correct. But whether correct or not, no appeal from that judgment to court and jury has been provided for, and, therefore, none can be had. An indirect appeal by suit against the city to establish a liability against it for an erroneous legislative determination is not only not provided for, but it would be opposed to a principle as well settled and as familiar as any in government."

To the same purport are our own decisions above cited or, referred to: While the first issue is incorrect in form, the fact seems to have been properly determined by the jury that the alleyway was only 15 feet wide, and the judgment for the mandamus is not reversed. But the other exceptions are sustained. The plaintiff is not entitled to recover any damages, and will pay the costs of this appeal.

Error.

ALLEN, J. I concur in the result holding that the defendant is not liable in damages on the facts appearing in the record, but I do not wish to be understood as agreeing that the ordinance under consideration is valid.

On the contrary, I think it comes under the condemnation of *S. v. Tenant,* 110 N. C., 609, which has been approved in *Rosenbaum v. New Bern,* 118 N. C., 97; *S. v. Eubanks,* 154 N. C., 631; *S. v. Lawing,* 164 N. C., 495.

WALKER, J., concurs in the above opinion of JUSTICE ALLEN.