JOHN C. REHMANN et al., Appellants, v. CITY OF DES MOINES et al., Appellees.

**MUNICIPAL CORPORATIONS: Torts—Wrongful Exercise of Judicial Function.** A city is not liable for damages consequent on the wrongful attempt of the city council to revoke a permit granted by it for the erection of a store building; nor are the individual members of the council liable for such damages, it appearing that they acted in good faith, but under a misapprehension of their legal power. (See Book of Anno., Vols. I, II, Sec. 5738.)

Headnote 1:  43 C. J. p. 928.

Headnote 1:  19 R. C. L. 1101.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

November 15, 1927.

Action for damages.   The defendant City of Des Moines filed demurrer to the petition of plaintiffs, which demurrer was sustained.   There was a directed verdict against the plaintiffs as to the remaining defendants.   The plaintiffs appeal.— *Affirmed.*

*James C. Hume,* for appellants.

*Reson S. Jones, Chauncey A. Weaver,* and *Eskil C. Carlson,* for appellees.

Wagner, J.—On April 1, 1924, the plaintiffs were granted a permit, by the city of Des Moines, to erect a store building upon certain real estate.   The plaintiff immediately began work toward the erection of the structure.   Prior to the time of obtaining the permit, the plaintiffs had entered into a contract with one Votruba for the sale of the property with the building to be erected thereon.   On April 3, 1924, the city council, by resolution adopted, attempted to revoke the permit, and ordered the fee paid for said permit to be returned to the plaintiffs, and the legal department was directed to serve proper notice at once; and on said date, the plaintiffs were served with notice of the revocation, and were notified to cease operation in the construction of the building.   Shortly thereafter, the plaintiffs commenced a suit against the defendant city and its mayor and council, asking that the defendants be enjoined from interfering with plaintiffs in the construction of the building.   On trial of said suit in the district court, the petition of plaintiffs was dismissed, and an appeal to this court resulted in a reversal. *Rehmann v. City of Des Moines,* 200 Iowa 286.   Upon procedendo from this court to the district court, a decree was rendered decreeing that the permit hereinbefore mentioned was of full force and effect and binding upon the defendants.   While the injunction suit was pending in this court, Votruba, the buyer, elected to rescind his contract with the plaintiffs, and brought action against them to recover the amount paid by him; and on trial in the district court, a directed verdict was returned for Votruba.

The plaintiffs in the instant case allege in their petition that they are the owners of the real estate; that, on or about March 12, 1924, they entered into a written contract with Votruba, whereby they agreed to erect upon the real estate a brick building, and to sell said lot and building to Votruba, and that the said vendee agreed to purchase said property for a certain sum named; that the plaintiffs applied for and obtained a building permit, dated April 1, 1924, authorizing them to erect the building aforesaid; that, on April 3, 1924, the defendants mayor and councilmen of the city of Des Moines, without legal right, undertook to revoke the aforesaid building permit and to prevent the erection of said building, and by and through a policeman of the city forbade and stopped the erection of said building; that because thereof the plaintiffs were unable to perform their contract with Votruba, and as a result, the plaintiffs have been damaged, and they ask to recover against all of the defendants. To this petition the defendant city filed a demurrer, upon the grounds that the petition shows upon its face that the plaintiffs are not entitled to the relief demanded; that the exercise of the power to grant, or refuse to grant, a license or permit to erect a building is a governmental function, for which there can be no liability in damages upon the part of a municipal corporation; that a municipal corporation is not liable for damages for loss caused by having misconstrued the extent of its power in the matter of issuing or revoking a building permit or license; that, the plaintiffs having alleged that the city council was without power or authority to revoke their building permit, there was no interference with the plaintiffs' rights, and they had full and perfect freedom to proceed with their building program, and that the motives of the members of the city council in issuing a license or revoking a permit or exercising legislative or judicial functions cannot be made a matter of judicial inquiry. This demurrer was sustained.

The remaining defendants answered, denying the allegations of the petition, and averring that the city of Des Moines is a city of the first class, organized and existing under the laws of the state, and that they were the members of the council of the defendant city at the time alleged. Trial was had before a jury as to the defendants mayor and councilmen, and upon the close of the evidence for plaintiffs, on motion of said defend-

ants, the jury, by direction of the court, returned a verdict in favor of said defendants and against the plaintiffs.

From the action of the court in sustaining the demurrer of the defendant city and in directing the verdict, as aforesaid, the plaintiffs appeal.

It is well settled that municipal corporations have certain powers which are discretionary or judicial in character and certain powers which are ministerial. The powers of such corporations have also been divided into those which embrace governmental duties, such as are delegated to the municipality by the legislature, and in the exercise of which the municipality is an agent of the state, and those powers which embrace quasi private or corporate duties, exercised for the advantage of the municipal locality and its inhabitants. Municipal corporations are not held liable in damages for the manner in which they exercise in good faith their discretionary powers of a public or legislative or quasi judicial character, but they are liable to actions for damages when their duties cease to be judicial in their nature, and become ministerial. Official action is judicial where it is the result of judgment or discretion. It is ministerial when it is absolute and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode, and occasion of its performance with such certainty that nothing remains for judgment or discretion.

It is the claim of the plaintiffs that the act in revoking the permit was ministerial, and that, it being wrongful, the defendant city is liable. In several cases this court has discussed the question of governmental and ministerial functions of a municipal corporation. In *Norman v. City of Chariton*, 201 Iowa 279, we said:

"It is a matter of universal judicial recognition that a municipality possesses and may exercise two classes of powers. The one is governmental in character, where, generally speaking, it acts as a sovereign, in government and control of its inhabitants, and in their interest generally. The other is proprietary, ministerial, and we have said, quasi private, where it acts for the private advantage of the inhabitants of the city, and in some measure for the city itself."

See, also, *Incorporated Town of Sibley v. Ocheyedan Elec. Co.*, 194 Iowa 950.

In *Clinard v. City of Winston-Salem,* 173 N. C. 356 (91 S. E. 1039), it is said:

"The exercise of the power to grant or refuse the license to erect a building was a governmental function * * * A municipal corporation has a double character. In one aspect, it is a representative of the sovereign, charged with certain governmental, legislative, judicial, and discretionary powers and duties; in the other, it is similar to a private corporation, with duties purely ministerial, corporate, or private, with powers granted of a business nature for the especial emolument or benefit of the municipality. The rule is well settled that in the former capacity the corporation is liable to an action for damages resulting from the conduct of its agents only where a statute imposes such liability. When such officers are discharging a governmental duty, or exercising the police power, or acting in a matter committed to their discretion, the municipality is not liable. * * * For instance, no liability attaches for the wrongful refusal to issue a permit."

See, also, *Butler v. City of Moberly,* 131 Mo. App. 172 (110 S. W. 682). In *Roerig v. Houghton,* 144 Minn. 231 (175 N. W. 542), it is held that neither the municipal corporation nor its administrative officers are liable for damages sustained by reason of a wrongful revocation of a license or permit. It is there said:

"It is well settled that a municipal corporation cannot be held in damages for the manner in which it exercises its discretionary powers of a public, legislative, or quasi-judicial nature. While engaged in the discharge of duties imposed upon it, from the performance of which it derives no compensation or benefit in its corporate capacity, it is clothed with the immunities of the state. * * * The ordinance prohibiting the erection of certain classes of buildings in the residential districts of Minneapolis was enacted in the exercise of the city's governmental powers as a political subdivision of the state. It was a regulation made by virtue of the police power of the city.* * * The police regulations of a city are made and enforced in the interests of the public: hence it is not liable for the acts of its officers in attempting to enforce them. * * * Liability of a municipal corporation is not created because the acts of its officers were done under a void ordinance, if the ordinance was enacted

in the exercise of governmental powers. * * * Neither is it liable for damages sustained by reason of a wrongful revocation of a license or permit.''

In *Lerch v. City of Duluth*, 88 Minn. 295 (92 N. W. 1116), it is held that, where money was expended by a party to avail himself of a permit to move a building, which permit is attempted to be unlawfully revoked by the city council, and proceedings are threatened, to interfere with the vested rights of the party to whom it was granted, the only adequate and appropriate relief against the city is by injunction to restrain the enforcement of the void revocation, and that the plaintiff could not maintain an action against the city for damages. As supporting this same pronouncement, see *Stevens v. City of Muskegon*, 111 Mich. 72 (69 N. W. 227). When the council of the defendant city attempted to revoke the permit previously granted, they were acting within the police power bestowed upon the city and within the city's governmental powers; and for the acts of its officers in the wrongful revocation of the permit and the attempt to enforce it the defendant city is not liable in damages.

It is urged by the appellants that the defendant city is liable because it ratified the wrongful revocation of the permit. Ratification is an affirmative plea, and there is no act upon which the plaintiffs rely other than the wrongful revocation of the license and the attempt to enforce it. There is no merit in this contention of the plaintiffs'.

It is further contended by the plaintiffs that the defendant city is liable upon the principle, as claimed, that a municipal corporation is liable for a breach of contract. It may be conceded that a municipality is liable for breach of contract, the same as a private person; but a permit is merely a privilege to do what would otherwise be unlawful, and is not a contract between the authority, Federal, state, or municipal, granting it, and the person to whom it is granted. 37 Corpus Juris 168; *Lerch v. City of Duluth*, supra. Therefore, the demurrer of the defendant city was properly sustained.

Are the individual defendants liable? A public officer whose functions are judicial or quasi judicial cannot be called upon to respond in damages for the honest exercise of his judg-

ment within his jurisdiction, however erroneous his judgment may be. *Roerig v. Houghton,* supra.

"A mere mistake in judgment, either as to their duties under the law or as to facts submitted to them, ought not to subject such officers to an action. They may judge wrongly, and so may a court or other tribunal, but the party complaining can have no action when such officers act in good faith and in the line of what they think is honestly their duty." *McCormick v. Burt,* 95 Ill. 263 (35 Am. Rep. 163). See, also, *Stewart v. Southard,* 17 Ohio 402 (49 Am. Dec. 463).

The action of the council in adopting the resolution of revo· cation of the permit was of a judicial or quasi judicial character, and for said act they are not responsible for damages, although their judgment which prompted the act may have been erroneous. There is nothing in the record tending to show that the councilmen acted maliciously, corruptly, dishonestly, or in bad faith in the adoption of the resolution of revocation of the permit or in the attempt to enforce it.

Since we hold that the demurrer of the defendant city was properly sustained, and that the court properly directed a verdict as to the other defendants, as against the plaintiffs, it is not necessary to consider or discuss the other matters presented by counsel in their respective briefs and arguments.—*Affirmed.*

Evans, C. J., and De Graff, Albert, and Morling, JJ., concur.