## WICKSTROM v. CITY OF LARAMIE, ET AL.*
(No. 1402; December 19, 1927; 262 Pac. 22)

APPEAL AND ERROR—INJUNCTION—MUNICIPAL CORPORATIONS—BUILD-
ING PERMIT—REVOCATION OF PERMIT—ZONING ORDINANCES.

1.  Where notice of appeal was served March 1 from judgment
    for damages entered February 23, question whether in-
    junction was properly granted in same case on preceding
    November 5 *held* not before reviewing court; no appeal
    from that judgment having been taken.

2.  As general rule, when city council, or proper city official,
    in absence of fraud, grants permit for construction of
    building, and party acting in good faith thereof com-
    mences erection of building, latter acquires something
    in nature of vested right, more than mere license, and
    permit cannot then be revoked by city.

3.  City is not liable for damages for wrongful revocation of
    building permit by its council, since in granting such
    permit officers acted in governmental capacity.

4.  Passing of zoning ordinances by city and enforcing of them
    is generally held to be ''governmental function.''

5.  Injunction restraining city from preventing erection of
    building after it had granted building permit, not having
    been appealed from, must stand, regardless of whether
    it was properly granted.

*See Headnotes:  (1) 4 C. J. p. 670 n. 93.  (2) 43 C. J. p. 349
n. 90.  (3, 4) 43 C. J. p. 922 n. 19.  (5) 32 C. J. p. 388 n. 94.

APPEAL from District Court, Albany County; VOLNEY J.
TIDBALL, Judge.

Suit by Alfred Wikstrom against the City of Laramie and
others. Judgment for plaintiff, and defendants appeal.

*F. E. Anderson,* for appellants.

The controlling question in this case seems to be whether
the action of the municipality in revoking a building permit
was a governmental or private function; the general rule
seems to be that it is a governmental function, 28 Cyc. 1257.
The council is not liable for damages, Abbots Mun. Corp.

Sec. 683; Mayor v. Williams, 33 Am. Rep. 304; Kent v. Cheyenne, 2 Wyo. 6. The ordinance was valid and no liability was incurred, Trammell v. Russellville, 36 Am. Rep. 1-3; Love v. Atlanta, 51 A. S. R. 64; Mayor v. Wilson, 98 Am. St. Rep. 101. In a Colorado case the facts were different, but the principle involved was the same. Veraguth v. Denver, 76 Pac. 541. Negligence of employees in construction of building for County is not actionable, Hollenbeck v. County, 35 Am. Rep. 159; Davis v. City, 23 Am. Rep. 555; Caldwell v. City, 33 Am. Rep. 156.

*Arnold & Arnold,* for responndents.

A carpenter shop is not a public nuisance. The council proceedings had in considering this building permit were more in the nature of a summary court martial than a quasi judicial proceeding; the city, having caused damage by its act not included in any grant of power by the Legislature, is liable; Perkins v. Blauth (Calif.) 127 Pac. 50. The city was not attempting to exercise governmental functions; it is contended that the city was attempting to suppress a nuisance. If seeking to suppress a nuisance, it was acting in a private capacity, 28 Cyc. 1292, and is liable for damages sustained by property owners; City v. Mounger, 210 S. W. 240; City v. Reagan, 247 S. W. 816; Adams v. City, 129 N. W. 518; Dillon Mun. Corp. (4th ed.) Sec. 972. An ordinance in excess of the enabling statute is invalid, Cawley v. Co. (Mass.) 132 N. E. 365. "Zoning" is not a governmental function, Romar v. Board, 114 Atl. 248; In Re Kansas City Ordinance, 252 S. W. 404; Hollman v. City, 76 N. W. 1120; White v. Bernhart, 241 Pac. 368. Destruction of property under any form of building ordinance creates liability for damages, Wheeler v. City (Wash.) 87 Pac. 1061; McWilliams v. City (Ga.) 83 S. E. 945; Ramirez v. Cheyenne, 241 Pac. 710. Plaintiff is entitled to compensation for his damage caused by illegal action of city council in revoking a building permit, resulting in the destruction of plaintiff's property.

Before BLUME, Chief Justice, KIMBALL, Justice, and BROWN, District Judge.

BROWN, District Judge.

The plaintiff, Alfred Wikstrom, on June 18, 1925, secured a building permit from the city engineer of defendant city, to construct a private garage and shop, 40 by 50 feet, one story high, at an estimated cost of $1000.00, on a lot in defendant city owned by him and situated within the residence portions of the city.

He immediately commenced its construction, excavating a basement 16 feet by 16 feet, cemented the walls thereof, put in a concrete foundation, laid the sleepers or joists for the floor and had the floor partly laid when he was stopped by the city. A protest had been lodged with the city council protesting against the erection of this building in that section of the city, by the property owners in the immediate vicinity of the proposed building, apparently on the ground that the building would damage their property and constitute a nuisance. A special meeting of the city council was called to consider the matter. At this meeting a motion was adopted that the permit be revoked and further investigation made. This suit was then brought to enjoin the city from interfering or preventing the erection of said building and for damages. The city sought to defend its acts in cancelling the permit on the ground that plaintiff had misrepresented the use to which the building was to be put and the cost of its construction, and that plaintiff had failed to comply with the provisions of a zoning ordinance requiring the written consent of the property owners of the vicinity of the proposed building, to be filed with the city engineer before a permit should be granted.

At the trial of the case November 5th, following, the question of damages was continued, the case proceeded to trial on the question of enjoining the city from interfering with the erection of the building. This trial resulted in a decree in plaintiff's favor permanently enjoining the defendant, its officers and agents from interfering or preventing the

plaintiff from erecting said building. The question of damages was heard on February 23rd, 1926, and judgment rendered in favor of plaintiff in the sum of $534.55.

The case is brought here on direct appeal. The question as to whether or not the injunction was properly granted is not before us, no appeal from that judgment having been taken. The injunction was granted November 5th. The notice of appeal was served March 1st, following. It recites so far as is necessary here, "*   *   *   will appeal from the order and judgment of the District Court within and for Albany County, Wyoming, made and entered the 23rd day of February, 1926  *   *   *." "The defendant does not appeal from all of the order and judgment. The portion of said order and judgment appealed from are the findings of the court that the amount of the damages are $534.55, and the order and judgment granting and giving the plaintiff the sum of $534.55 damages and $8.15 costs." It will be observed that the notice of appeal was not served within the time permitted by law in order to raise the question as to whether or not the injunction was proper, the notice of appeal specifically stating that the appeal is taken from the judgment and order of February 23rd. Furthermore, the portion of the judgment appealed from is limited to the question of damages.

We do not think the attorney for defendant intended to appeal from the order granting an injunction. While the point is mentioned in the specifications of error, it is not argued in his brief.

It may, however, not be out of place, in passing, to state that, as a general rule, when a city council, or the proper city officer, in the absence of fraud, grants a permit for the construction of a building, and the party acting in the faith thereof commences the erection of a building, he acquires something more than a mere license, something in the nature of a vested right, and the permit cannot then be revoked by the city. Rehmann v. City of Des Moines, 200 Ia. 286, 204 N. W. 267, 40 A. L. R. 922; Lerch v. City of Du-

luth, 88 Minn. 295, 92 N. W. 1116; Hinman v. Clark, 121
App. Div. 105, 105 N. Y. Supp. 725; affirmed in 193 N. Y.
640, 86 N. E. 1125; State ex rel. Grimmer v. City of Spo-
kane, et al., 64 Wash. 388, 116 Pac. 878, 43 C. J. 349.

The action was originally brought against the city of Lar-
amie, the Mayor, the City Engineer, and the Chief of Police.
At the trial it was dismissed as to the officers, leaving the
city as the sole defendant. No objection was made to this
action of the court. So on the issue of damages we have the
sole question of the liability of a city for the wrongful revo-
cation of a building permit by its council. It is clear that
the city is not liable in damages in such case. The im-
munity from such liability in wrongfully refusing to grant
a building permit or wrongfully revoking same is usually
placed on the ground that the officers of the city are acting
in a governmental capacity. So far as our investigations
have gone we have found no dissenting voice to the proposi-
tion that in granting or refusing to grant a permit or license,
granting or revoking a building permit, the officers of a
municipality are acting in a governmental capacity. We
think it unnecessary for us to discuss governmental func-
tions or the distinctions between government functions and
corporate or private functions, in view of the careful con-
sideration given this question by this court in Ramirez v.
Cheyenne, 34 Wyo. 67, 241 Pac. 710. The passing of zon-
ing ordinances, and the enforcing of them, had generally
been held to be a governmental function.

A brief quotation from each of the cases will be sufficient
to disclose the position of the courts on the question before
us.

In Clinard v. Winston-Salem, 173 N. C. 356, 91 S. E.
1039, it was said:

"The exercise of the power to grant or refuse the license
to erect a building was a governmental function, and if, as
the jury finds in this case, the reason given for the refusal
of the license was erroneous the plaintiffs' remedy was by
a mandamus, which has been awarded them, but in no as-

pect would the city be liable in an action for damages, and a non-suit should have been granted on the third issue, for no cause of action has been stated in that respect.  *  *  * A municipal corporation has a double character.  In one aspect it is a representative of the sovereign charged with certain governmental, legislative, judicial and discretionary powers and duties; on the other it is similar to a private corporation with duties purely ministerial corporate or private, with powers granted of a business nature for the especial emolument or benefit of the municipality.  The rule is well settled that in the former capacity the corporation is liable for an action for damages resulting from the conduct of its agents only when a statute imposes such liability.''

The court in Wood v. Hinton, 47 W. Va. 645, 35 S. E. 824, held that where a municipality has granted a permit to erect a manufactory on a certain lot with the knowledge that steam power would be necessary to run the machinery, the modification of such permit after the building was erected by forbidding the use of a steam engine therein, does not make the municipality liable since it may abate a nuisance.

The court in Claussen v. City of Luverne, 103 Minn. 491, 115 N. W. 643, 15 L. R. A. (N. S.) 698, 14 Ann. Cas. 673, said:

''It is clear that the city is not liable in tort for the mistaken action of the city council in attempting to revoke a license or permit.''

In Lerch v. Duluth, 88 Minn. 295, 92 N. W. 1116, the plaintiff had secured from the city a permit to move a frame building from one location to another within the fire limits of the city.  After he had secured the location and contracted obligations, the city through its council revoked the permit.  It was held that the owner's action against the city for damages could not be maintained.

In Roerig v. Houghton, et al., 144 Minn. 231, 175 N. W. 542, it was stated:

"Liability of a municipal corporation is not created because the acts of its officers were done under a void ordinance, if the ordinance was enacted in the exercise of governmental powers. * * * Neither is it liable for damages by reason of a wrongful revocation of a license or permit. It seems clear that the city could not be held at common law for any damages suffered by plaintiff by reason of any of its acts in contesting plaintiff's right to a building permit and its officers are without authority to charge it with liability by contract."

City of Kansas City v. Lemen, (C. C. A.) 57 Fed. 905, was an action by defendant against plaintiff to recover damages for the wrongful revocation of a license for a show and hippodrome and the wrongful stopping of such exhibition. Defendant had secured a location from the lot owners and a license from the municipality. Just before the exhibition was to start the city cancelled its license and prevented the exhibition on the ground that the lots on which the show was to be held were held by the City in trust for cemetery purposes, and that it had been so held for thirty years, and that the remains of many persons were still entombed therein, and that an exhibition such as defendants would constitute a public nuisance. Defendant denied that this tract of land was held in trust by the city for cemetery purposes and that such fact was known to the city and that it had an ulterior object in view, and intended to wrong and injure the defendant. The jury found against the city on this issue. The circuit court of appeals held that the city was not liable.

The court below found that the revocation of the building permit was wrongful. It is probably true that the zoning ordinance was not broad enough to give the city authority to prevent the construction of plaintiff's building at that location, and the injunction was properly granted. In any event, since it is not appealed from it must stand. Under

the above authorities the city is not liable in damages, whether the revocation of the building permit was wrongful or not. It follows that the judgment of February 23rd, awarding damages to plaintiff, must be reversed and the action therefor dismissed. It is so ordered.

*Reversed and ordered dismissed.*

BLUME, Ch. J., and KIMBALL, J., concur.