LINDEMANN, Respondent, vs. CITY OF KENOSHA and others, imp., Appellants.

*November 11, 1931—January 12, 1932.*

For the appellants there were briefs by *Roy S. Stephenson* and *Chester D. Richardson,* both of Kenosha, and oral argument by *Mr. Richardson.*

For the respondent there were briefs by *Edward J. Ruetz,* attorney, and *John C. Slater* of counsel, both of Kenosha, and oral argument by *Mr. Ruetz.*

NELSON, J. This action, so far as the city and its officers are concerned, is brought to recover damages resulting from the revocation of a building permit issued by the city of Kenosha through its building inspector. The demurrer specifically raises the question as to whether the complaint states a cause of action against the demurring defendants. Since the complaint demands relief in the alternative against the city and its officers named, it will be necessary to consider whether the complaint states a cause of action against

the city and/or the members of its council and/or its building inspector.

May a city be held liable in damages for the revocation of a building permit in the absence of a statute authorizing such recovery?

The answer to this question depends on whether a city, in revoking a building permit, acts in a governmental capacity.

It is well established in this state that a city is not liable for damages caused by the negligence or tortious acts of its agents and officers while engaged in the discharge of governmental functions. *Apfelbacher v. State,* 160 Wis. 565, 152 N. W. 144; *Gensch v. Milwaukee,* 179 Wis. 95, 190 N. W. 843; *Erickson v. West Salem,* 205 Wis. 107, 236 N. W. 579. The doctrine of *respondeat superior* does not apply between a city and its officers or agents while engaged in the discharge of public or governmental functions. *Apfelbacher v. State, supra; Milwaukee v. Meyer,* 204 Wis. 350, 235 N. W. 768. Whether the issue or revocation of a building permit is a governmental function has not heretofore been specifically considered by this court. The courts of other states, under similar circumstances, have uniformly held that the exercise of the power to grant or revoke a building permit is a governmental function. *Clinard v. Winston-Salem,* 173 N. C. 356, 91 S. E. 1039; *Wickstrom v. Laramie,* 37 Wyo. 389, 262 Pac. 22; *Rehmann v. Des Moines,* 204 Iowa, 798, 215 N. W. 957; *Roerig v. Houghton,* 144 Minn. 231, 175 N. W. 542.

While the rule is well established that where a building permit has been issued without fraud to one who has thereafter in good faith expended money in reliance thereon, such owner attains an interest in such permit which is in the nature of a vested right and under such circumstances such permit may not be arbitrarily revoked (*Buffalo v. Chadeayne,* 134 N. Y. 163, 31 N. E. 443; *Rehmann v. Des Moines,* 200 Iowa, 286, 204 N. W. 267, 40 A. L. R. 922;

*Lerch v. Duluth,* 88 Minn. 295, 92 N. W. 1116; *Hinman v. Clark,* 121 App. Div. 105, 105 N. Y. Supp. 725, affirmed in 193 N. Y. 640, 86 N. E. 1125; *State ex rel. Grimmer v. Spokane,* 64 Wash. 388, 116 Pac. 878; *Dobbins v. Los Angeles,* 195 U. S. 223, 25 Sup. Ct. 18; 43 Corp. Jur. p. 349), the remedy, however, in such a situation seems to be by injunction to restrain the city from interfering with the particular work under construction. *Stevens v. Muskegon,* 111 Mich. 72, 69 N. W. 227; *Lerch v. Duluth, supra.*

As to whether a city may be held liable in damages for a revocation of a building permit the courts are quite unanimous in holding that such an action will not lie, for the reason that a city, in issuing or revoking a building permit, is acting in a governmental capacity. The underlying and governing principle of law is well stated in *Rehmann v. Des Moines,* 204 Iowa, 798, 215 N. W. 957 (p. 801):

"It is well settled that municipal corporations have certain powers which are discretionary or judicial in character, and certain powers which are ministerial. The powers of such corporations have also been divided into those which embrace governmental duties, such as are delegated to the municipality by the legislature, and in the exercise of which the municipality is an agent of the state, and those powers which embrace quasi-private or corporate duties, exercised for the advantage of the municipal locality and its inhabitants. Municipal corporations are not held liable in damages for the manner in which they exercise, in good faith, their discretionary powers of a public, or legislative, or quasi-judicial character."

In *Clinard v. Winston-Salem,* 173 N. C. 356, 91 S. E. 1039, the governing principle was stated as follows (p. 358):

"A municipal corporation has a double character. In one aspect it is a representative of the sovereign charged with certain governmental, legislative, judicial, and discretionary powers and duties; in the other it is similar to a private corporation, with duties purely ministerial, corporate, or private, with powers granted of a business nature for the especial emolument or benefit of the municipality. The rule is well

settled that in the former capacity the corporation is liable to an action for damages resulting from the conduct of its agents only where a statute imposes such liability. When such officers are discharging a governmental duty, or exercising the police power, or acting in a matter committed to their discretion, the municipality is not liable. 2 McQuillin, Mun. Corp., secs. 889, 894, pp. 5414, 5416, 5417. For instance, no liability attaches for the wrongful refusal to issue a permit. *Butler v. Moberly*, 131 Mo. App. 172, 110 S. W. 682."

To the same effect is *Roerig v. Houghton, supra,* wherein it is said (p. 233) :

"It is well settled that a municipal corporation cannot be held in damages for the manner in which it exercises its discretionary powers of a public, legislative, or quasi-judicial nature. While engaged in the discharge of duties imposed upon it, from the performance of which it derives no compensation or benefit in its corporate capacity, it is clothed with the immunities of the state."

In *Wickstrom v. Laramie, supra,* the supreme court of Wyoming, after reviewing the authorities, held that the city of Laramie was not liable for damages under facts quite similar to those alleged in the complaint and declared the rule to be as follows (p. 393) :

"So on the issue of damages we have the sole question of the liability of a city for the wrongful revocation of a building permit by its council. It is clear that the city is not liable in damages in such case. The immunity from such liability in wrongfully refusing to grant a building permit or wrongfully revoking the same is usually placed on the ground that the officers of the city are acting in a governmental capacity. So far as our investigations have gone, we have found no dissenting voice to the proposition that in granting or refusing to grant a permit or license, or granting or revoking a building permit, the officers of a municipality are acting in a governmental capacity."

To the same effect are *Wood v. Hinton,* 47 W. Va. 645, 35 S. E. 824; *Lerch v. Duluth, supra; Claussen v. Luverne,*

103 Minn. 491, 115 N. W. 643; *Kansas City v. Lemen* (C. C. A.) 57 Fed. 905.

All of the authorities which we have been able to find are unanimous in holding that a city is not liable for damages resulting from a revocation of a building permit, even though erroneous and wrongful.

Does the complaint state a cause of action against the defendant councilmen of the city of Kenosha?

There is no allegation in the complaint which in any manner suggests that the councilmen had anything to do with the revocation of the building permit unless, under the very general allegations of the complaint, it may be said that they influenced the revocation of the permit. The only allegation of the complaint which suggests any connection between the alleged wrongs suffered by the plaintiff and the members of the council is the very general allegation that the city of Kenosha and its officers, representatives, and police force wrongfully and with force and coercion compelled the plaintiff and his employees to desist from further prosecuting the work of constructing the building by direction, authority, and acquiescence of the city council. We do not think such an allegation sufficient to show any liability of the individual members of the council. The council of the city of Kenosha is the legislative body of that city, and its members, while acting in a governmental capacity or in the exercise of governmental powers, cannot be held liable individually for such governmental acts. The complaint clearly does not allege that the city council revoked the license or was a party to its revocation except as it influenced or acquiesced therein. This, in our opinion, is clearly insufficient to render its members liable for damages under the governing principles stated in the cases hereinbefore cited.

Does the complaint state a cause of action against defendant Peterson, the building inspector?

As to him the complaint alleges that, after examination and inspection of the plans and specifications submitted to

him and to the Zoning Board of Appeals, he duly issued to the plaintiff a building permit. The complaint further charges that he thereafter revoked the building permit without assigning any cause therefor. No allegation is contained in the complaint to the effect that defendant Peterson, as building inspector, had no authority to revoke a building permit without assigning cause for such action, nor that he acted corruptly, dishonestly, maliciously, or in bad faith. The law seems to be clear that an officer is not liable for the revocation of a building permit unless it is shown that he acted corruptly, dishonestly, maliciously, or in bad faith in so doing.

"A public officer whose functions are judicial or quasi-judicial cannot be called upon to respond in damages for the honest exercise of his judgment within his jurisdiction, however erroneous his judgment may be. *Roerig v. Houghton, supra.* 'A mere mistake in judgment, either as to their duties under the law or as to facts submitted to them, ought not to subject such officers to an action. They may judge wrongly, and so may a court or other tribunal, but the party complaining can have no action when such officers act in good faith and in the line of what they think is honestly their duty.' *McCormick v. Burt,* 95 Ill. 263, 35 Am. Rep. 163; *Stewart v. Southard,* 17 Ohio, 402, 49 Am. Dec. 463. The action of the council in adopting the resolution of revocation of the permit was of a judicial or quasi-judicial character, and for said act they are not responsible for damages, although their judgment which prompted the act may have been erroneous. There is nothing in the record tending to show that the councilmen acted maliciously, corruptly, dishonestly, or in bad faith in the adoption of the resolution of revocation of the permit, or in the attempt to enforce it." *Rehmann v. Des Moines,* 204 Iowa, 798, 215 N. W. 957. See, also, 1 Dillon, Mun. Corp. (5th ed.) § 439.

*By the Court.*—Order reversed, with directions to enter an order sustaining the demurrers to the complaint.